Joseph Allan WEEKLEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 63032, 63033.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 13, 1980.

---

Terrence A. Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Douglas M. O'Brien and Gerald R. Flatten, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

These are appeals from convictions for attempted capital murder and aggravated kidnapping. After guilty pleas and judicial confessions to both offenses, the court found appellant guilty in each case, ordered and received pre-sentence investigation reports, and assessed punishment at twenty-five years in each case.

In the attempted capital murder case appellant's counsel has filed a brief with a professional evaluation of the record concluding the appeal is frivolous and without merit. He has complied with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and *Gainous v. State*, Tex.Cr. App., 436 S.W.2d 137, and informed appellant of his rights to review the record and file a pro se brief. None has been filed and we find no error requiring consideration in the interest of justice. Art. 40.09(13), V.A. C.C.P.

In the appeal from the aggravated kidnapping case, appellant asserts error under Art. 26.13, V.A.C.C.P., which requires admonishment by the trial court to the accused of the range of punishment before a guilty plea may be accepted. When appellant pled guilty in this case he was told the range of punishment was not more than twenty years in this case. After the presentence investigation was conducted, punishment was assessed at twenty-five years.

Article 26.13(c), supra, provides:

"In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

The complete failure to admonish the accused of the range of punishment has been held to constitute reversible error without resort to consideration of whether he was aware of the consequences of his plea and of whether he was misled or harmed. *McDade v. State*, Tex.Cr.App., 562 S.W.2d 487; *Fuller v. State*, Tex.Cr.App., 576 S.W.2d 856; *Stewart v. State*, Tex.Cr.App., 580 S.W.2d 594. Under an earlier version of the statute, in *Tellez v. State*, Tex.Cr. App., 522 S.W.2d 500, quoting approvingly from the dissenting opinion in *Alvarez v. State*, Tex.Cr.App., 511 S.W.2d 521, the Court observed that the purpose of the punishment admonishment was "to avoid a situation where an accused thought his possible punishment could be a certain number of years and then (after he had entered his plea of guilty) learn that he had been assessed a greater punishment." That observation is still sound today. The State argues that any error is harmless because appellant received the same punishment in the other conviction. We do not consider the issue of harm under the circumstances because we conclude that on the facts of this case the admonishment did not constitute substantial compliance. Under the terms of Art. 26.13(c), supra, harm is a consideration only if there was substantial compliance. Because there was not substantial compliance in this case, the judgment must be reversed.

The judgment in cause 63,033 is affirmed. The judgment in cause 63,032 is reversed and that cause is remanded.