OPINION
BLEIL, Justice.
Preston Hughes, III appeals from a conviction following his plea of guilty to the offense of aggravated assault. He contends that the trial court erred by failing to properly admonish him concerning the possible range of punishment and by accepting his guilty plea in the absence of an affirmative showing that he gave the plea knowingly, intelligently and voluntarily. Additionally, he contends that the judge who adjudicated his guilt was not assigned to preside over the case in accordance with Tex.Code CRIm.PROC.Ann. art. 30.02 (Vernon 1989), and that the judge improperly entered a judgment of life imprisonment when he had verbally stated that Hughes would receive a different sentence. We reform the judgment to reflect the sentence announced by the trial court and, as reformed, affirm the judgment of the trial court.
Hughes pled guilty to the offense of aggravated assault on July 11, 1986, and simultaneously pled guilty to the offense of aggravated sexual assault in another cause now before this Court on appeal. The trial court found substantial evidence of his guilt and placed him on deferred adjudication for ten years in each case.
The State filed a motion to adjudicate guilt on October 13, 1988, based on allegations that he had committed murder and had failed to report to his probation officer for several months in 1988. Hughes was convicted of capital murder on May 3, 1989, and was sentenced to death. The final adjudications were handled concurrently with that trial.
Hughes asserts that the trial court failed to properly admonish him at the deferred *250 adjudication hearing on the possible range of punishment for the offenses. Tex.Code Crim.PROC.Ann. art. 26.13 (Vernon 1989). The trial court informed him that he could be sentenced to not less than five years nor more than ninety-nine years or life in the Texas Department of Corrections, and that he could be fined up to $10,000. This is the correct admonishment for the case involving the first degree felony of aggravated sexual assault in the companion case on appeal. The court then continued, “In this other case, a fine of up to $5000 can be assessed.” This was the correct maximum fine for the third degree felony of aggravated sexual assault at that time.[1] However, the court failed to state that imprisonment of between two and ten years could also be assessed in that case.
When a trial court provides erroneous information in admonishing a defendant about the available range of punishment for the offense, that error is not reversible so long as the admonishment substantially complies with Article 26.13 of the Texas Code of Criminal Procedure. There is substantial compliance when the assessed sentence is within both the actual and stated maximum range of punishments. Eatmon v. State, 768 S.W.2d 310, 311-12 (Tex.Crim.App.1989). Such compliance with the statute constitutes a prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was thus harmed. Eatmon v. State, 768 S.W.2d at 312.
Hughes was properly admonished about the possible range of sentencing for the sexual assault case. The question is whether that same admonishment was adequate to validate his guilty plea for the aggravated assault case.
Although the maximum sentence which the trial court told Hughes he could receive was incorrect, the actual sentence which the court imposed was within the stated, as well as the authorized, range of punishments. When the trial court substantially complies with the law and the defendant fails to demonstrate harm, there is no reversible error. Eatmon v. State, 768 S.W.2d at 311; Robinson v. State, 739 S.W.2d 795, 801 (Tex.Crim.App.1987). The court substantially complied with the law in admonishing Hughes as to the possible range of punishments.
Hughes contends that the trial court failed to determine whether his guilty plea was voluntarily given. The court asked him whether he understood what was going on, and Hughes responded by describing deferred adjudication as being where “[t]hey will defer sentencing.” He also asked Hughes whether he understood that he had signed an incriminating statement giving up his right to trial by jury and all associated rights. Hughes answered in the affirmative.
In determining whether Hughes’ statement was voluntarily given, we review the entire record. Williams v. State, 522 S.W.2d 483, 485 (Tex.Crim.App.1975). The written document which reflects the judgment of the trial court and the disposition of the cause is signed by the defendant, his attorney, and the trial judge. That document states that the court had ascertained that the defendant entered the plea knowingly and voluntarily after discussing the case with his attorney. Such proof is sufficient. Dawson v. State, 491 S.W.2d 687, 688 (Tex.Crim.App.1973).
Hughes contends that since the trial court was not properly assigned to hear his case, his conviction is void. While the jury was deliberating during his capital murder trial, the trial court conducted adjudication on the two causes. Defense counsel objected on the basis that the court had no jurisdiction since these cases had originated in another court. Hughes now argues that the initial transfer orders were not signed by the proper authority, but does not argue that the court had no jurisdiction to hear the causes. Since his attorney did not ob *251 ject on the ground now alleged on appeal, nothing is presented for review. Ransom v. State, 789 S.W.2d 572, 585 (Tex.Crim.App.1989); Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App.1986); Tex.R.App.P. 52(a).
Hughes also asserts that the trial court erred in assessing punishment at confinement for life for the offense of aggravated assault, when the record reflects a different punishment. The State has joined in this request, and has submitted a motion that we reform the judgment to assess punishment at ten years’ confinement. This is the maximum possible sentence for the crime, and is the sentence verbally announced by the trial court. We reform the judgment to reflect the correct punishment of ten years’ confinement. Tex.R.App.P. 80(b)(2).
As reformed, we affirm the judgment of the trial court.

. Tex.Penal Code Ann. § 22.02 has since been amended to raise the maximum fine to $10,000. TexPenal Code Ann. § 22.02 (Vernon Supp.1990).