Preston HUGHES, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 705–91.

Court of Criminal Appeals of Texas, En Banc.

June 17, 1992.

---

**13.** *Ex Parte Maldonado,* 688 S.W.2d 114, 116 (Tex.Crim.App.1985) (footnote # 2)

**14.** Id.

Joseph J. Finkel, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West and Charles A. Noll, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant, in a combined hearing, pled guilty to the separate charges of aggravated assault, a third degree felony, and aggravated sexual assault, a first degree felony. TEX.PENAL CODE ANN. §§ 22.02 and 22.021 (Vernon 1974). Substantial evidence of appellant's guilt was found by the trial court, and he was convicted and placed on two concurrent ten year terms of deferred adjudication. While released, appellant deviated from the conditions of his probation[1] and was incarcerated. His probation was revoked and he was sentenced to two concurrent life sentences. He then appealed to the Sixth Court of Appeals which, in a published opinion, reformed the sentence for aggravated assault from life to ten years confinement[2] and affirmed the trial court's judgment. *Hughes v. State*, 806 S.W.2d 248 (Tex.App.—Texarkana 1990). On petition to this Court, appellant contends that the court of appeals erred in affirming the trial court's finding of guilty on the aggravated assault charge.[3] In four "Points of Error" [sic], he alleges: (1) that it was error to find that the trial court's admonishment on aggravated sexual assault could validate his guilty plea for the aggravated assault charge; (2) that the court of appeals erred in determining that such an admonishment substantially complied with the requirements of Article 26.13 of the Texas Code of Criminal Procedure; (3) that the court of appeals erred in holding that the trial court had determined that appellant made a knowing, intelligent and voluntary guilty plea; and (4) that it was error for the court of appeals to hold that the record reflected that his plea was given in a knowing, intelligent and voluntary manner. Appellant's Br. at 5–12. We granted review on these four grounds in order to consider whether the admonishments given complied with Article 26.13 of our Code. We will reverse the decision of the court of appeals.

### I.

The facts underlying this case are relatively straightforward. Appellant had been arrested, charged and released for the offense of aggravated sexual assault of a child. Between the time of his release and trial, appellant approached the victim[4] of the previous encounter and, in an apparent attempt to dissuade future testimony, fired a gun near her and fled. The victim, by

---

1. The State filed a motion to adjudicate guilt alleging that appellant had violated his probationary terms by failing to report to his probation officer for three months, and by committing the offense of capital murder. This motion was heard and decided, during a recess of the jury, at the punishment phase of appellant's capital murder trial. His unrelated conviction for capital murder and punishment of death were, during preparation of this opinion, pending before this Court on direct appeal in cause number 70,901.

2. The trial judge incorrectly imposed a life sentence when, in actuality, the maximum sentence for the offense of aggravated assault was ten years confinement. TEX.PENAL CODE ANN. §§ 12.34 & 22.02(c) (Vernon 1974).

3. Appellant does not herein challenge his conviction for aggravated sexual assault.

4. A fourteen-year-old girl.

now quite familiar with her frequent attacker, easily identified appellant and reported the incident to the police. He was once more arrested, this time for aggravated assault. As the time for trial neared, a plea agreement was reached in which the appellant would exchange guilty pleas on the two offenses for two concurrent ten year terms of deferred adjudication.

Subsequently, the trial judge was informed of the agreement and he noted his assent. The judge then undertook to admonish appellant prior to receiving his pleas. During the admonishments for the aggravated sexual assault charge the following plea colloquy occurred:

> THE COURT: He [another judge] can give you not less than five years nor more than ninety-nine years or life in the Texas Department of Corrections.[5] And he can fine you up to $10,000. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Knowing that, do you still want deferred adjudication—
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT:—or would you rather have a little pen time now?
>
> THE DEFENDANT: Deferred.
>
> THE COURT: In this other case, a fine of up to $5,000 can be assessed. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Knowing all this, you still want to plead guilty?
>
> THE DEFENDANT: Yes, sir.

The reference "In this other case, a fine of up to $5,000 can be assessed" constituted the only mention of a penalty range for the aggravated assault charge. Thus the appellant was left with the literal instruction that the penalty range for the aggravated assault charge was a fine of up to $5,000.

On appeal, the Texarkana Court acknowledged that the trial judge omitted the two to ten year imprisonment portion of the penalty range and went on to discuss whether, as to the aggravated assault offense, the foregoing admonishments were nonetheless adequate. Relying on our

holding in *Eatmon v. State*, 768 S.W.2d 310 (Tex.Crim.App.1989), that court stated the principle "that error is not reversible so long as the admonishment substantially complies with Article 26.13 of the Texas Code of Criminal Procedure[ ]" and "the sentence assessed is within both the actual and stated maximum range of punishments[,]" and held that the trial court's proper admonishment of appellant on the charge of aggravated sexual assault was a sufficient warning for *both* charges. *Hughes*, 806 S.W.2d at 250 (citing *Eatmon, supra*). The court of appeals reasoned that "[a]lthough the maximum sentence which the trial court told Hughes he could receive was incorrect, the actual sentence which the court imposed was within the stated, as well as the authorized, range of punishments[,]" and, therefore, produced no reversible error. *Id.*

## II.

Article 26.13 of our Code of Criminal Procedure speaks to this issue in mandatory terms. In relevant part, that statute states that "[p]rior to accepting a plea of guilty or a plea of nolo contendere, the court *shall* admonish the defendant of: ... (1) the range of the punishment attached to the offense; ...." TEX.CODE CRIM.PROC. ANN. art. 26.13(a)(1) (Vernon supp.1985) (emphasis added). Despite this language, the Legislature has made an exception that allows admonitions which only substantially comply with the dictates of the statute, and which are not affirmatively shown by the defendant to be harmful. *Id.* § (c). We have previously addressed the issue of substantial compliance. *See, e.g., Eatmon, supra; Ex Parte Robinson*, 739 S.W.2d 795 (Tex.Crim.App.1987); *Ex Parte Gibauitch*, 688 S.W.2d 868 (Tex.Crim.App. 1985); *Ex Parte Smith*, 678 S.W.2d 78 (Tex.Crim.App.1984).

In *Eatmon*, this Court overruled that appellant's ground for review because although the trial court incorrectly admonished appellant, he was ultimately sentenced within the proper range. 768 S.W.2d at 311–312. Quoting from *Gi-*

---

5. Now the Texas Department of Criminal Justice, Institutional Division.

*bauitch*, Presiding Judge McCormick there repeated the test for determining substantial compliance within Article 26.13, *viz:* "[s]uch compliance [by the trial court] constitutes a 'prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was thus harmed.' " *Id.* at 312 (citing *Gibauitch*, 688 S.W.2d at 871).

Consistent with this test, then, substantial compliance will only be found where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. Conversely, it will not be found where a trial court wholly fails to admonish the defendant on punishment.[6] Additionally, "where the admonishment is relevant to the voluntariness of the plea, as [was] true [there] with the admonishment on the range of punishment, substantial compliance cannot be satisfied merely because *other* admonishments were provided." *Whitten*, 587 S.W.2d at 158 (emphasis in original); *see also Walker, supra.* *Whitten*, like the present case, involved a situation in which an admonishment was found lacking. There, the defendant was charged in a multi-count indictment, pled not guilty to the first two charges, but guilty as to the third; he was never admonished on the punishment range as to the third offense. *Id.* at 157. Because no admonishment on punishment was given, and because the admonishment was relevant to the plea's voluntariness, his plea could not be considered voluntary and we reversed the conviction. *Id.* at 159.

## III.

█ In the cause *sub judice*, the trial court's admonishment did not substantially comply with Article 26.13. The trial judge correctly informed appellant that a viola-

tion of probation could result in another trial judge assessing the full range of punishment for the offense of aggravated sexual assault, however, he continued the admonishments by incorrectly omitting the required admonishment on incarceration in the aggravated assault case. Given the judge's separate inquiries and the appellant's separate responses on the pleas, the admonishment on aggravated assault was rife with ambiguity. Despite the assertions of the State's counsel that through the admonishments the judge's meaning was implicit (and therefore clear that the punishment was to be the same as the first case but included a fine of up to $5,000), it is just as plausible that, from appellant's layperson perspective, the judge's meaning was not implied. In fact, the judge's warning, if it implies anything at all, states just the opposite, to-wit: "[i]n this *other case, a fine of up to $5,000 can be assessed.*" (Emphasis added.) We believe that Justice Grant, in his dissent below, was entirely correct when he wrote that "the admonition no more informed the defendant as to the possible penitentiary time than if the trial judge had chosen to read a page from the telephone directory." *Hughes*, 806 S.W.2d at 251 (Grant, J., dissenting). Although the appellant was properly admonished in the sexual assault case, those admonitions do not validate a guilty plea on a second offense or supplant the required admonitions. The trial court's admonishments on the offense of aggravated assault wholly failed to explain the range of punishment and, therefore, do not meet the substantial compliance standard. Appellant's first and second grounds for review are sustained. Given our disposition of these two grounds, we need not reach the merits of appellant's third and fourth grounds for review, and they are dismissed without prejudice.

Accordingly, we reverse the judgment of the court of appeals and the trial court and

---

6. The cases stating this proposition are numerous. *See Ex Parte McAtee*, 599 S.W.2d 335 (Tex.Crim.App.1980); *Weekley v. State*, 594 S.W.2d 96 (Tex.Crim.App. [Panel Op.] 1980); *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979) (Opinion on State's Motion for Rehearing); *Stewart v. State*, 580 S.W.2d 594 (Tex.Crim.App. 1979); *Carrillo v. State*, 576 S.W.2d 824 (Tex. Crim.App.1978); *Kelley v. State*, 573 S.W.2d 28 (Tex.Crim.App.1978); *Walker v. State*, 524 S.W.2d 712 (Tex.Crim.App.1975).

remand the appellant to the custody of the Sheriff of Harris County, Texas, to answer the indictment in cause number 446,873.

McCORMICK, P.J., concurs in the result.

MALONEY, J., not participating.