Cox-BJ v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-161-CR

     BRENDA JULIAN COX,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 249th District Court
Somervell County, Texas
Trial Court # 185
                                                                                                    

O P I N I O N
                                                                                                    

      Cox pleaded guilty to two counts of delivery of a controlled substance. See Tex. Health &
Safety Code Ann. § 481.112(a) (Vernon 1992). The court sentenced her to forty years
imprisonment. In one point of error, Cox claims that the trial court failed to properly admonish
her prior to her guilty plea because the court did not inquire into the existence of a plea-bargain
agreement. We affirm.
      Article 26.13 of the Code of Criminal Procedure requires that, prior to accepting a plea of
guilty, the court admonish the defendant of the range of punishment, that the recommendations
of the prosecutor are not binding on the court, inquire about any plea agreement, inform the
defendant whether the court will accept or reject any such agreement, and warn the defendant that
the right to appeal will be limited if the punishment assessed does not exceed that agreed to in the
plea agreement. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989). "[S]ubstantial
compliance by the court is sufficient, unless the defendant affirmatively shows that he was not
aware of the consequences of his plea and that he was misled or harmed by the admonishment of
the court." Id. art. 26.13(c)
       Cox claims that the court "never inquired as to the existence of a plea bargain agreement." 
However, the court did ask Cox, "Have any promises or threats been made to induce or cause you
to enter your guilty plea?" Cox answered this question, "No, sir." "Plea bargaining is a process
which implies a preconviction bargain between the State and the accused whereby the accused
agrees to plead guilty or nolo contendere in exchange for . . . a promise of a recommendation
from the prosecutor to the trial judge as to punishment." Perkins v. Court of Appeals, 738 S.W.2d
276, 282 (Tex. Crim. App. 1987). Thus, a plea-bargain agreement is a "promise" made to
"induce or cause [a defendant] to enter [a] guilty plea." We conclude that the court substantially
complied with article 26.13's requirement that the court inquire into the existence of a plea
bargain.
      When the record demonstrates that the court substantially complied with the requirements, the
defendant must demonstrate on appeal that she entered the plea without understanding its
consequences and was harmed as a result. See Hughes v. State, 833 S.W.2d 137, 140 (Tex. Crim.
App. 1992). "Consequences of the plea" is interpreted to mean "the punishment provided by law
for the offense and the punishment which could be inflicted under [the] plea." Eubanks v. State,
599 S.W.2d 815, 816 (Tex. Crim. App. [Panel Op.] 1980).
      During the plea hearing, the court told Cox that she was subject to punishment of five to
ninety-nine years or life imprisonment and a $20,000 fine. She answered "yes" to her attorney's
question, while she was under oath, whether she understood that the judge could sentence her
anywhere within the range of five to ninety-nine years. Finally, during the court's
admonishments, the court asked Cox if she understood the range of punishment of "life or for any
term not more than 99 years or less than 5 years," as well as a fine not to exceed $20,000. Cox
acknowledged that she understood this range. At the conclusion of the punishment hearing, the
court sentenced Cox to forty years in prison. She did not object to this punishment as violating
a plea-bargain agreement, as she is now claiming.
      On the record presented in this court, Cox has failed to affirmatively show that she entered
her plea of guilty without understanding the consequences of her plea. There is no evidence to
contradict her affirmative responses when questioned regarding her understanding of the range of
punishment she was exposed to as a result of her guilty plea.


 
      The judgment is affirmed.
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 9, 1994
Do not publish