Arturo GARCIA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–609–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 16, 1997.

J. Thomas Sullivan, Brownsville, for Appellant.

Yolanda De Leon, District Attorney, Robert H. Moore, Jr., Asst. County (Crim. Dist.) Attorney, Brownsville, for State.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and YANEZ, JJ.

## OPINION

YANEZ, Justice.

Arturo Garcia, Jr., appellant, pleaded guilty to possession of more than four but less than 200 grams of cocaine.[1] The trial court found him guilty and assessed his punishment at twelve years in the Institutional Division of the Texas Department of Criminal Justice. By four points of error, appellant contends that the trial court reversibly erred by failing to inform him whether it accepted the punishment recommended by the prosecuting attorney, failing to admonish him as to the full range of punishment for the offense charged, and denying his motion to withdraw his guilty plea. We affirm.

On September 16, 1996, at the hearing on appellant's plea agreement, the presiding judge announced that he would not accept the punishment recommendation of a maximum of fifteen years in prison on a plea of *nolo contendere*. Counsel for appellant replied that appellant could plead guilty. The court proceeded to admonish appellant as to his rights, the punishment he faced under the plea agreement, and the implications of pleading guilty. The court also inquired whether appellant's plea was voluntary and freely given and admonished appellant that the punishment recommendation is merely a recommendation. The court indicated that if it followed the recommendation, appellant would lose his right to appeal without the court's permission, but that if it did not follow the agreement, appellant could retract his plea.

Following presentation of the State's evidence, the court found that appellant was mentally competent to stand trial and enter a plea, aware of the punishment he faced, and satisfied with his counsel's representation. The court heard a request for a PSI from appellant's counsel and then announced that it found appellant guilty as charged. Sentencing was set for October 16, 1996. Before the hearing concluded, the court admonished appellant that if the urinalysis that may be part of appellant's PSI reflected alcohol or controlled substance use, the court would not follow the plea agreement.

On October 16, 1996, before a different presiding judge, appellant moved to substitute counsel and to withdraw his guilty plea. The court granted the motion to substitute counsel. Appellant then testified in relation to the motion to withdraw the guilty plea, as did his original counsel. Appellant testified that he did understand the implications of pleading guilty but never really wanted to plead guilty. His former counsel testified that he initially advised appellant to plead "no contest" and that after the court rejected the punishment agreement on that plea, he advised appellant as to the punishment implications of pleading guilty. The hearing was re-set for October 18, 1996, in order to allow the court the opportunity to examine the record and the plea.

At the October 18 hearing, the court denied appellant's motion to withdraw his plea and sentenced appellant to twelve years in prison. At the close of the proceedings, the court indicated that appellant had a right to appeal his case. Counsel for appellant sought clarity as to what the court meant by this statement.

By point of error one, appellant claims the trial court failed to admonish him as to whether it agreed to the range of punishment recommended by the prosecuting attorney prior to accepting his guilty plea, contrary to Article 26.13(a)(2) of the Texas Code of Criminal Procedure. Citing *Papillion v. State*, 908 S.W.2d 621 (Tex.App.—Beaumont 1995, no pet.), appellant maintains this error is not subject to a harm analysis. Appellant also argues that the court improperly imposed an additional condition on his plea agreement. The State, citing Rule 40(b)(1) of the Texas Rules of Appellate Procedure, first maintains that we have no jurisdiction to hear this claim, because, in this plea bargained case, appellant's point raises a non-jurisdictional defect, and he did not secure the trial court's permission to appeal it. In the alternative, the State argues that the trial court substantially complied with the Article 26.13(a)(2), because the sentence imposed was consistent with the terms of the plea agreement.

---

1. Tex. Health & Safety Code Ann. § 481.115(a)(d) (Vernon Supp.1997).

■ We first address the State's claim that appellant's point of error relating to these admonitions does not relate to the voluntariness of his plea and raises only a non-jurisdictional defect. Under Rule 40(b)(1) of the Texas Rules of Appellate Procedure,[2] if the judgment of a trial court was rendered on a plea of guilty, appeal of any non-jurisdictional defect or error that occurred prior to the entry of the plea is permissible only if the notice of appeal either indicates that the court granted permission to appeal or specifies matters raised by written motion and ruled on before trial. TEX.R.APP. P. 40(b)(1). The State contends that appellant's notice of appeal makes no indication of either permission to appeal from the trial court or of any matters raised by written motion and ruled on by the court, but this is not so.

Appellant's notice of appeal expressly states that the trial court granted him leave to file an appeal. Indeed, the statement of facts reflects that at the hearing on his plea, the court advised appellant of his right to file a motion for new trial and his right to appeal. Upon his counsel's request for clarification, the court granted appellant "leave to appeal." It may be that the court meant only that appellant could challenge the voluntariness of his plea on appeal, as appellant had claimed he was not really guilty but was persuaded to plead guilty. The court nevertheless granted appellant blanket "leave to appeal," which appellant properly referenced in his notice of appeal. We hold this appeal complies with Rule 40(b)(1), and will consider the point of error.

■ Article 26.13(a)(2) of the Code of Criminal Procedure stipulates that prior to accepting a plea of guilty, a trial court must admonish a defendant of the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon 1989). Where a plea agreement exists, the court shall announce in open court whether it will follow or reject the agreement before any finding on the plea. *Id.* If the court rejects the punishment recommendation, the defendant shall be permitted to withdraw his plea. *Id.* In regard to the required admonitions under Article 26.13, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(c). When the record shows that the trial court gave an incomplete or incorrect admonishment, there is a *prima facie* showing of a knowing and voluntary plea of guilty. *Ex parte Gibauitch,* 688 S.W.2d 868, 871 (Tex. Crim.App.1985). "Substantial compliance" under Article 26.13(c) has been understood to constitute a *prima facie* showing of a knowing and voluntary plea. *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992). When this *prima facie* showing of voluntariness is a matter of record, the burden shifts to the defendant to show that he entered his plea without understanding the consequences of his action and thus was harmed. *Id.; Ex parte Gibauitch,* 688 S.W.2d at 871. The Beaumont court of appeals has held that the failure of a trial court to announce whether it will follow or reject the State's punishment recommendation before making its finding on a defendant's plea of guilty constitutes reversible error. *Papillion,* 908 S.W.2d at 624.

■ The record reflects that the trial court failed to announce in open court that it would follow the State's punishment recommendation prior to making its finding on appellant's guilty plea. We decline to follow *Papillion,* however, and will examine the record for substantial compliance; and if substantial compliance is found, we will determine whether appellant was harmed by the incomplete admonishment. Article 26.13(c) expressly provides that "substantial compliance" in relation to the admonitions under the article is sufficient. When a statute is clear and unambiguous, we apply the plain meaning of its words. *Dowthitt v. State,* 931 S.W.2d 244, 258 (Tex.Crim.App.1996). We also presume that the entire statute is intended to be effective. *Id.*

■ Under point of error one, appellant makes no claim of harm, nor does he direct us to any facts or authorities that would lead

2. Current version at Texas Rule of Appellate Pro- cedure 25.2(b)(3).

us to determine that any harm is implicated by the trial court's failure to announce that it accepted the punishment recommendation. We recognize, nevertheless, that appellant was relying on *Papillion* in constructing his argument, which we now have declined to follow. By his argument in point of error three, appellant claims harm in relation to the court's failure to announce whether or not it would follow the plea agreement, so appellant will have an opportunity to demonstrate harm at that point, irrespective of our disposition of point of error one. Accordingly, we hold that the trial court did not commit reversible error in failing to announce whether it would follow the punishment recommendation before making its finding on appellant's guilty plea. The alleged court-imposed condition on the plea agreement ultimately had no bearing on the sentence imposed, so this particular matter is moot. Point of error one is overruled.

By his second point of error, appellant claims the trial court erred in failing to admonish him properly as to the full range of punishment for the offense charged, contrary to the requirements of Article 26.13(a)(1) of the Texas Code of Criminal Procedure. Appellant observes that the proper range of punishment for the offense charged was life imprisonment or a term of not more than 99 years or less than five years imprisonment, and that, in writing, he was admonished that the punishment was a term of not less than two years nor more than twenty years imprisonment, plus a fine of $10,000. Appellant argues that, coupled with his protestation of innocence and the availability of unused defenses, the incorrect admonishment "questions the validity of the entire process." The State maintains that appellant fails to allege how the improper admonishment rendered his plea unknowing or involuntary. In the alternative, the State submits that appellant failed to object to the improper admonishment or raise this issue at trial, and that, in any event, appellant was properly admonished.

 We previously determined that the trial court granted appellant leave to file this appeal. At the conclusion of his point of error, moreover, appellant maintains that the cumulative effect of the improper admonishment and other occurrences at trial "raises doubt of the voluntariness of his plea." [3] We will consider appellant's second point of error.

 Article 26.13(a)(1) of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty, a trial court must admonish a defendant on the range of punishment attached to the offense charged. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon 1989). Again, in relation to the required admonitions, "substantial compliance" is sufficient. TEX.CODE CRIM. PROC. ANN. art. 26.13(c). A showing in the record that the trial court gave an incomplete or incorrect admonishment serves as a *prima facie* showing of a knowing and voluntary plea of guilty. *Ex parte Gibauitch*, 688 S.W.2d at 871. Substantial compliance will be found only where a trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. *Hughes*, 833 S.W.2d at 140. In reviewing the voluntariness of a defendant's guilty plea, we examine the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex.Crim.App.1975).

In the instant case, appellant stipulates and the record reflects that he was admonished by the court as to the range of punishment he faced, irrespective of whether the admonishment was accurate. Hence it is incumbent on appellant to show that he entered his plea without understanding the consequences of his actions and thus was harmed. *Hughes*, 833 S.W.2d at 140.

 Appellant was charged with possession of less than 200 but more than four grams of cocaine, enhanced by a prior felony conviction for possession of a controlled substance. Possession of less than 200 but more than four grams of cocaine with a prior conviction for a felony offense is a first-degree

**3.** The voluntariness of a guilty plea in a plea bargained case may be raised for the first time on appeal, and an appellant raising the issue need not comply with Rule 40(b)(1) of the Rules of Appellate Procedure. *Flowers v. State*, 935 S.W.2d 131, 133–34 (Tex.Crim.App.1996).

felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 12.42(b) (Vernon 1994). A first-degree felony carries a punishment of life imprisonment or for any term of not more than 99 years or less than five years, plus a fine of up to $10,000. TEX. PENAL CODE ANN. § 12.32(a), (b) (Vernon 1994). The "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty" on record and signed by appellant includes the following paragraph:

I understand that the punishment prescribed for the offense to which I here plead guilty is by confinement in the Texas Department of Criminal Justice Institutional Division (Texas Department of Corrections) for term of years not less than 2 nor more than 20, to which may be added a fine not to exceed $10,000."

Where the number "2" appears in the paragraph, something had been written in but is scratched through; where the number "20" appears in the paragraph, the phrase "99 or life" has been scratched through. The "99 or life" phrase was appropriate for the first-degree felony charge appellant faced. By the terms of plea agreement, appellant would plead guilty only to count one of the two-count indictment, in exchange for a maximum punishment of fifteen years of imprisonment. Count two was the enhancement paragraph. Minus the enhancement, the possessory charge to which appellant pleaded guilty carries a punishment of two-to-twenty years imprisonment, plus up to a $10,000 fine. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 12.33(a), (b) (Vernon 1994). Hence appellant was formally admonished of the range of punishment under his plea agreement, not the range of punishment he actually faced.

Even so, we fail to see what harm appellant suffered. This is not a case in which the punishment faced was greatly overstated, thereby underscoring the attractiveness of a guilty plea. Cf. Johnston v. State, 670 S.W.2d 394, 398 (Tex.App.—Austin 1984, pet. dism'd). Rather, the admonished range of punishment was less than the actual range of punishment appellant faced. The twelve-year sentence imposed, moreover, was within

the actual range of punishment. Appellant in no way suggests that he would have not pleaded guilty for a maximum of fifteen years imprisonment had he been properly admonished by the court that he faced up to 99 years or life imprisonment. We hold that the trial court substantially complied with the admonition requirements under Article 26.13. Point of error two is overruled.

By points of error three and four, appellant complains of the trial court's overruling of his motion to withdraw his guilty plea. By point of error three, appellant claims the court erred in overruling his timely motion to withdraw his plea, because the motion should have been granted as a matter of right and without assigning reason. Appellant argues that because the trial court had not announced whether it would follow the State's punishment recommendation prior to making its finding on his guilty plea, he was denied his right to freely withdraw his plea before the case was taken under advisement. He further urges that at the sentencing hearing, his original plea of nolo contendere, which had been rejected by the trial court at the hearing on his plea, was re-instated, and that because his motion to withdraw his plea of guilty was filed before the nolo contendere plea was reinstated, the motion had to be granted. By point of error four, which is in the alternative, he claims that if a ruling on the motion to withdraw his plea was within the discretion of the court, then the court abused its discretion. The State's response to both points is that we have no jurisdiction to review them, on the ground that appellant did not gain the trial court's permission to appeal. In the alternative, the State contends the case already was taken under advisement when appellant filed his motion to withdraw.

We already have determined that the trial granted appellant leave to file this appeal, so we will consider the merits of these points.

As we explained under point of error one, "substantial compliance" in relation to the required admonishments under Article 26.13 of the Code of Criminal Procedure is sufficient. TEX.CODE CRIM. PROC. ANN. art. 26.13(c). "Substantial compliance" under Article 26.13(c) has been understood to consti-

tute a *prima facie* showing of a knowing and voluntary plea. *Hughes,* 833 S.W.2d at 140. When this *prima facie* showing of voluntariness is a matter of record, the burden shifts to the defendant to show that he entered his plea without understanding the consequences of his action and thus was harmed. *Id.*; *Ex parte Gibauitch,* 688 S.W.2d at 871.

■ For two reasons, we find that appellant suffered no harm in relation to the court's failure to announce whether it would follow the State's punishment recommendation. First, appellant was free to withdraw his plea until the case was re-set for a punishment hearing following the court's acceptance of a request for a PSI, and he did not do so. A defendant may withdraw his guilty plea as a matter of right and without assigning reason until judgment is pronounced or the case has been taken under advisement. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex. Crim.App.1979). If a defendant requests permission to withdraw his plea after the court has taken the case under advisement, the withdrawal is within the sound discretion of the court. *Id.* Passing a case for a PSI constitutes taking a case under advisement. *Harling v. State,* 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd) (citing *Jackson,* 590 S.W.2d at 515). In the instant case, the court made its finding without first announcing whether or not it would follow the State's punishment recommendation; but only thereafter did the court re-set the case for sentencing and instruct appellant to cooperate with the PSI. In subsequently warning appellant that testing positive for drugs or alcohol in the urinalysis that might accompany the PSI would lead the court to reject the punishment recommendation, the court revealed that it intended to follow the punishment recommendation. At no point prior to adjournment of the hearing on the guilty plea did appellant express any interest in withdrawing his plea.

Second, while the record reflects that at the punishment hearing the visiting judge understood the punishment recommendation to be premised on a plea of *nolo contendere,* and the judgment describes appellant's plea as "no contest," the record firmly reflects that the case was taken on advisement after appellant had pleaded guilty and was found guilty. The court had indicated to counsel for appellant early in the hearing on his plea that it would not accept the State's punishment recommendation on a plea of *nolo contendere.* Counsel for appellant replied, "He can plead guilty. That's fine, Your Honor." The court directed counsel for appellant to have appellant sign the paperwork accordingly. The "Written Wavier and Consent of Stipulation of Testimony, Waiver of Jury, and Plea of Guilty" on record reflects an initial intent to plead "no contest," but the handwritten word "guilty" and appellant's initials appear near the title of the document. Despite appellant being represented by new counsel at the punishment hearing, the record does not reflect that the court at any time re-opened the guilt/innocence stage of the proceedings or reinstated appellant's plea. The PSI requested was not to serve as evidence in relation to appellant's guilt. Hence the trial court was not required to have granted appellant's timely motion to withdraw his guilty plea as a matter of right; the matter was within the discretion of the court. Point of error three is overruled.

■ By his fourth point of error, therefore, appellant contends that the trial court abused its discretion in not granting the motion to withdraw his guilty plea. Appellant, however, merely asserts that the motion should have been granted "based on [appellant's] protestations of innocence and other circumstances surrounding the legally questionable stop, potentially illegal search and finally considering the cocaine was found under the passenger seat, the possibility other(s) put it there." Appellant does not discuss any of the relevant facts or allegations, refer to pages in the record where support for any relevant facts could be found, or cite to authorities that would support his argument. We therefore find nothing presented for review by point of error four. Tex.R.App. P. 74(f). Point of error four is overruled.

Accordingly, the judgment of the trial court is affirmed.