NO. 07-02-0468-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 25, 2003


______________________________



LLOYD WAYNE LOTSON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 85657; HON. CHARLES CARVER, PRESIDING


_______________________________


 

Abatement and Remand


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Lloyd Wayne Lotson (appellant) appeals from a judgment convicting him of burglary
of a habitation. Appellant's counsel filed an Anders (2) brief indicating that no arguable basis
for appeal existed. After conducting our own independent review of the record, we abate
the cause and remand the proceeding for the appointment of new counsel.

 Appellant entered a plea of no contest and submitted the issue of punishment to the
trial court. Before accepting his plea, the trial court failed to admonish appellant in
accordance with article 26.13(a) of the Code of Criminal Procedure. This circumstance
raises an arguable question regarding the propriety of appellant's conviction. See Hughes
v. State, 833 S.W.2d 137, 140 (Tex. Crim. App. 1990); Campbell v. State, 5 S.W.3d 693,
701 (Tex. Crim. App. 1999) (holding that a total failure of the trial court to admonish the
defendant concerning the range of punishment is reversible error). Thus, we may not
accept appellate counsel's representation concerning the merits of the appeal.

 Accordingly, we abate the appeal and remand the cause to the Criminal District
Court of Jefferson County, Texas. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). Upon remand, the trial court shall appoint an attorney to represent appellant
in this appeal. The trial court shall further order the newly appointed counsel to file an
appellant's brief, as per the Texas Rules of Appellate Procedure, developing the
aforementioned arguable ground, and all other grounds that might support reversal or
modification of the judgment. The deadline for filing the appellant's brief with the clerk of
this appellate court is July 23, 2003. Thereafter, any responding brief which the State may
care to submit shall be filed within 30 days after the filing of the appellant's brief. Finally,
the trial court shall cause the name, address, and state bar number of the newly appointed
counsel to be included in a supplemental transcript which transcript shall be filed with the
clerk of this court by July 23, 2003.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. [2]Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The purpose of an Anders
brief is to support the appellate counsel's motion to withdraw by showing that appellate counsel performed
a conscientious examination of the record and concluded that an appeal would be frivolous.