NO. 07-02-0468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 25, 2003

_____

LLOYD WAYNE LOTSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 85657; HON. CHARLES CARVER, PRESIDING

_____

***Abatement and Remand***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Lloyd Wayne Lotson (appellant) appeals from a judgment convicting him of burglary

of a habitation. Appellant's counsel filed an *Anders*[2] brief indicating that no arguable basis

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

[2]*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The purpose of an *Anders* brief is to support the appellate counsel's motion to withdraw by showing that appellate counsel performed a conscientious examination of the record and concluded that an appeal would be frivolous.

for appeal existed. After conducting our own independent review of the record, we abate the cause and remand the proceeding for the appointment of new counsel.

Appellant entered a plea of no contest and submitted the issue of punishment to the trial court. Before accepting his plea, the trial court failed to admonish appellant in accordance with article 26.13(a) of the Code of Criminal Procedure. This circumstance raises an arguable question regarding the propriety of appellant's conviction. *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1990); *Campbell v. State,* 5 S.W.3d 693, 701 (Tex. Crim. App. 1999) (holding that a total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error). Thus, we may not accept appellate counsel's representation concerning the merits of the appeal.

Accordingly, we abate the appeal and remand the cause to the Criminal District Court of Jefferson County, Texas. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint an attorney to represent appellant in this appeal. The trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned arguable ground, and all other grounds that might support reversal or modification of the judgment. The deadline for filing the appellant's brief with the clerk of this appellate court is July 23, 2003. Thereafter, any responding brief which the State may care to submit shall be filed within 30 days after the filing of the appellant's brief. Finally, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript which transcript shall be filed with the clerk of this court by July 23, 2003.

It is so ordered.

Per Curiam

Do not publish.