In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00219-CR

                                                ______________________________

 

 

                                 TOMMIE JOE SEAGRAVES,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26307

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Tommie Joe Seagraves appeals his
conviction for theft greater than $1,500.00 but less than $20,000.00—a state
jail felony enhanced by two prior felony convictions to the punishment range of
a second degree felony.  The punishment
range for a state jail felony is not more than two years or less than 180 days’
imprisonment.  See Tex. Penal Code Ann.
§ 12.35(a) (Vernon Supp. 2010).  The
punishment range for a state jail felony enhanced by two prior felony
convictions is not more than twenty years or less than two years’
imprisonment.  See Tex. Penal Code Ann.
§§ 12.33, 12.42(a)(2) (Vernon Supp. 2010). 
Seagraves argues that he was not properly admonished concerning the
range of punishment.  We affirm the
judgment. 

I.          Factual and Procedural Background

 

            After
signing a written waiver of his right to a jury trial and being admonished in
writing on the punishment range of a state jail felony, Seagraves pled guilty,
without a negotiated plea agreement, and signed a written stipulation of the
evidence.  Seagraves was not informed of
the possible number of years of imprisonment for the enhanced punishment.  

            After the
plea of guilty, the trial court directed Seagraves to appear at the Community
Supervision Department so that a Presentencing Investigation (PSI) report could
be prepared for use at the punishment hearing. 
Several weeks later, Seagraves pled not true to the enhancement
allegations and a bench trial was conducted.  
After finding both enhancements true, the trial court sentenced
Seagraves to fourteen years’ imprisonment. 
Seagraves’ sole issue on appeal is that the trial court committed
reversible error when it failed to properly admonish him of the enhanced
punishment range.  Because the trial
court did substantially comply with Article 26.13 and because Seagraves has
failed to affirmatively show he did not understand the consequences of his plea
and was misled or harmed, we affirm the judgment of the trial court.

II.        Substantial Compliance with Article
26.13

 

             The trial court must give a series of
admonishments to defendants who plead guilty.  Seagraves argues[1]
his plea of guilty was involuntary because the trial court did not adequately
admonish him of the range of punishment in substantial compliance with Article
26.13.  Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2010).   The State contends the trial court substantially
complied with the statute by admonishing Seagraves and that if “some form” of a
punishment admonishment is given, the statute has been satisfied.[2]  At the plea hearing, the following colloquy
occurred:

     THE COURT: 
All right.  [Defense Counsel],
come up and announce with your client. 
That’s Seagraves.

 

     [Defense Counsel]:  Yes, sir.

 

     THE COURT: 
I see him.  All right.  This is a state jail felony theft and is
there an offer?

 

     [The State]:  It’s also alleged to be enhanced up to a
second.

 

     THE COURT: 
Oh, up to a second.

 

            Later during
the guilty plea process, the trial court told Seagraves that the “State is
trying to allege other cases against you, up to second degree punishment.  You know that?”  Seagraves answered, “Yes, sir.”           This exchange references that the
State had alleged enhancements which would increase the punishment range to a
second degree felony, but not the numerical range of “second degree punishment.”   

            While there
is not a record of Seagraves entering any plea to the two alleged enhancement
offenses, it is clear that the parties and the judge understood that Seagraves
was contesting those allegations.[3]  We view the posture of this case as being a
plea of guilty to the underlying offense and a plea of not true to the
enhancement allegations.[4]  

            The State
argues that “[r]eceiving some form of admonishment is deemed substantial
compliance” with the statutory requirement. 
In support of this argument, the State cites Martinez v. State, 981 S.W.2d 195, 196 (Tex. Crim. App. 1998), and Gonzales v. State, 746 S.W.2d 902 (Tex.
App.—Corpus Christi 1988, no pet.), as precedent.  Martinez,
though, did not hold substantial compliance will be found whenever an
admonition, no matter how erroneous, is given. 
Martinez merely held the trial
court substantially complied with Article 26.13 when the actual sentence was
within the range of the erroneous admonishment. 
Martinez, 981 S.W.2d at 196.  The facts of Gonzales are very similar to this case–the defendant pled guilty to
the underlying offense and not true to the enhancement allegations.  The trial court admonished Gonzales only
about the range of punishment for the primary offense, not the enhancement
allegations.  After proof of the prior
convictions were established, Gonzales was sentenced to the enhanced
punishment.  The court of appeals held
the admonishment was substantially in compliance with the statutory requirement
since the trial court advised Gonzales of the range of punishment for the
primary offense (“the only allegation to which he pled guilty”).  Gonzales,
746 S.W.2d at 905.  

            Although an
incomplete or erroneous admonishment is often found to be in substantial
compliance,[5] substantial
compliance will not always be found when some form of admonition has been
given.  In Weekley v. State, the trial court informed the defendant that he
could receive a maximum of twenty years, and then the trial court sentenced him
to twenty-five years.  594 S.W.2d 96
(Tex. Crim. App. [Panel Op.] 1980), modified
sub silencio on other grounds by High v. State, 964 S.W.2d 637, 638 (Tex.
Crim. App. 1998).[6]  The Texas Court of Criminal Appeals held the
trial court did not substantially comply with Article 26.13.  Id.  This Court has previously noted one of the
circumstances where the Texas Court of Criminal Appeals has found a lack of
substantial compliance is when an erroneous admonition was given and the
defendant received more years than the court informed him was possible under
the charge against him.[7]


            The
difference between an actual sentence which is within the range of the
admonishment given to the defendant, see,
e.g., Martinez, 981 S.W.2d at
196, and an actual sentence that exceeds the range of the admonishment is
profound.  We agree with Dix and Dawson
that “[t]he risk in cases of this type is that the defendant was induced to
plead guilty by an understatement of the seriousness of the offense and having
done so, was harmed by being punished more severely than the trial court held
out as the maximum he or she could receive.” 
43 George E. Dix & Robert O.
Dawson, Texas Practice:  Criminal
Practice & Procedure § 34.41 (West 2001).  We reject the State’s argument that substantial
compliance will always be found when some form of admonition has been
given.  

            We conclude,
however, that the trial court did substantially comply under the facts of this
case.  Texas law requires that the trial
court admonish the defendant as to the range of punishment upon an entry of a
plea of guilty or nolo contendere.  Tex. Code Crim. Proc. Ann. art. 26.13.  The question in this case is whether or under
what circumstances the trial court is required to admonish the defendant of the
range of punishment for the enhanced punishment.   Since Texas has a bifurcated trial
procedure, where guilt is determined in one proceeding and punishment in
another, it has been held that the provisions of Article 26.13 do not apply to
the separate punishment trial.  Sylvester v. State, 615 S.W.2d 734, 736
(Tex. Crim. App. 1981).  This was true
even if the defendant entered a “true” plea to the enhancement allegations
during the punishment proceeding.  Id. 
An admonishment on the potential punishment range if the defendant
pleads true to the enhancements is the better practice, but the statute does
not require it.  Harvey v. State, 611 S.W.2d 108, 112 (Tex. Crim. App. 1981).  

             But if the defendant enters a guilty plea from
the outset or even during the guilt/innocence stage, the proceeding is no
longer a bifurcated one; there is only one proceeding, and that is to determine
punishment.[8]  Logic would dictate that if it is not
necessary to instruct a defendant on the enhanced range of punishment even when
he or she pleads true to the enhancement allegation, it would not be necessary
to admonish of the enhanced range when the defendant pleads guilty to the
primary offense and not true to the enhancement allegations.   

            This very
question came before the Texas Court of Criminal Appeals in Ricondo v. State, where a defendant
changed his plea to guilty during the first stage, but he was not admonished of
the enhancement punishment.  634 S.W.2d
837, 843 (Tex. Crim. App. 1981).  In Ricondo, the defendant pled guilty
during a guilt stage trial and the trial court conducted the trial as if it
were bifurcated, entering a plea of not true for the defendant, who refused to
plead, the State presented its evidence of the convictions, and the jury was
instructed the State must prove the enhancement allegations beyond a reasonable
doubt.  Id.  The court criticized the
trial court for treating the proceeding as bifurcated, but found no reversible
error.  Id.    

            Here, the
trial was to the court and the defendant originally entered a plea of guilty to
the underlying charge.  From the outset,
it was clear that the defendant planned to contest the enhancement
allegations.   The matter was treated as
a bifurcated trial, a PSI report was ordered, the defense attorney announced
the plea would be not true, and a trial was conducted at a later date where the
State was required to prove the enhancement allegations.  

            Seagraves
has not directed this Court to any cases—and we are aware of none—reversing the
trial court when the defendant enters a plea of guilty and is properly
admonished for the underlying offense, but is not admonished as to the range of
punishment for the enhancement allegations. 
Here, Seagraves was properly, in writing, admonished as to the
allegation for which he pled guilty, as required by Article 26.13.  See
Tex. Code Crim. Proc. Ann. art.
26.13.  The written admonishment informed
Seagraves the maximum sentence was two years in prison.  The entire matter was treated as a bifurcated
trial and the “punishment hearing” was contested. 

            Further,
even though Seagraves was not specifically instructed concerning the enhanced
punishment range, the trial court did advise him that other cases were alleged
against him, causing the punishment to go “up to second degree punishment.”  Under these circumstances, where all parties
treated this as a bifurcated trial (at which enhancement admonishments are
unnecessary), and since the trial court properly admonished Seagraves on the
underlying offense and advised him that other charges raised his punishment to
a second degree felony, we find the statute was substantially complied with.   See Tex.
Code Crim. Proc. Ann. art. 26.13(c). 


III.       Seagraves Has Not Affirmatively Shown He
Did Not Understand the Consequences

 

            Next, we
must determine whether Seagraves has affirmatively shown he did not understand
the consequences of his plea.  Subsection
(c) of Article 26.13 provides:

In
admonishing the defendant . . . substantial compliance by the court is
sufficient, unless the defendant affirmatively shows that he was not aware of
the consequences of his plea and that he was misled or harmed by the
admonishment of the court. 

 

Tex. Code Crim. Proc.
Ann. art. 26.13(c).   If the trial
court substantially complies with Article 26.13,[9]
the defendant has the burden, under Article 26.13(c), to show he or she pled
guilty without understanding the consequences of that plea and, consequently,
suffered harm.  Martinez, 981 S.W.2d at 197; Redd
v. State, No. 06-08-00001-CR, 2008 Tex. App. LEXIS 7969 (Tex. App.—Texarkana
Oct. 20, 2008, no pet.) (mem op., not designated for publication).

            Neither
party has directed this Court to where in the record there is evidence that
Seagraves did not understand the consequence of his plea and was misled or
harmed.  Several references in the record
indicate Seagraves was advised that a greater punishment was possible.  Early in the plea proceeding, the State
stated the charge was “alleged to be enhance[d] up to a second.” The trial
court advised that Seagraves could plead not true to the enhancement
allegations.  The trial court advised
Seagraves the State alleged other cases against him, raising the punishment to
a second degree felony.  Seagraves
returned for a punishment hearing several weeks later, when the trial court
again stated the punishment level alleged was on a “second degree basis.”  At punishment, when asked if he understood
that the trial court had found the remaining enhancement true, which enhanced
the punishment range to a second degree felony, Seagraves replied, “I guess.”  The State produced evidence of the prior
convictions and connected Seagraves to them by fingerprint evidence.   The record is silent concerning whether
Seagraves understood the applicable punishment.[10]  Our own review of the record did not find any
evidence affirmatively establishing Seagraves was not aware of the consequences
of his plea and that he was misled or harmed by the admonishment of the court. 

            It was
Seagraves’ burden, under Tex. Code Crim.
Proc. Ann. art. 26.13(c), to establish he did not understand the consequences
of his plea and was misled or harmed. 
Seagraves has failed to meet this burden.  

            For the
reasons stated, we affirm the judgment of the trial court. 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          April 4, 2011

Date Decided:             May
5, 2011

Publish











[1]“[A]
court’s failure to properly admonish a defendant cannot be forfeited and may be
raised for the first time on appeal unless it is expressly waived.”  Bessey
v. State, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).  The record does not contain any express
waiver.  

 





[2]The
trial court may make the admonitions either orally or in writing.  Tex.
Code Crim. Proc. Ann. art. 26.13(d); Munoz
v. State, 840 S.W.2d 69, 75 (Tex. App.—Corpus Christi 1992, pet. ref’d).  Seagraves was admonished pursuant to a
boilerplate written plea admonishment. 
Only the box next to the state jail felony was marked.  Pursuant to a handwritten correction
(crossing out the preprinted ten-year maximum and replacing it with a two-year
maximum), this part of the form admonished Seagraves that he faced “confinement
for a term of not more than two years nor less than 180 days . . . .”  Although the form contained several
admonishments for enhancements, none of the boxes next to these enhancements
were marked.  





[3]At
the plea hearing, August 12, 2010, defense counsel stated, “[The State] pled
two priors and I was – we – we plead true to one, but it doesn’t do the
enhancement.”  The trial court
acknowledged that Seagraves was entering a guilty plea and would have a
sentencing hearing after the PSI report was completed and told counsel “he can
plead not true to the enhancements.”  At
a hearing on September 20, defense counsel told the judge that “based on what’s
in the indictment we were going to argue the law and—and we haven’t pled true
to the enhancements.”  The court
acknowledged, “He’s always plead [sic] not true to them.”  At the sentencing hearing on September 30, the
judge again stated, “He’s maintained not true to all these charges . . . .”  After the State presented evidence of the
prior offenses, defense counsel conceded. 


 





[4]Seagraves
did not object at trial or argue on appeal that the trial court erred by
failing to read, on the record, the enhancement allegations and accept a
plea.  Although the better practice is to
read the enhancement and accept a plea, the failure to do so—in a trial before
the court—is not error.  Seeker v. State, 186 S.W.3d 36, 39 (Tex.
App.—Houston [1st Dist.] 2005, pet. ref’d); Simms
v. State, 848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d).





[5]See Martinez, 981 S.W.2d at 197; Hughes v. State, 833 S.W.2d 137, 140
(Tex. Crim. App. 1992) (citing Weekley v.
State, 594 S.W.2d 96 (Tex. Crim. App. [Panel Op.] 1980)).  

 





[6]Since
the decision in Weekley, the Texas
Court of Criminal Appeals has held a failure to substantially comply with
Article 26.13 should be reviewed for harmless error.  See
High, 964 S.W.2d at 638; Cain v. State, 947 S.W.2d 262, 264 (Tex.
Crim. App. 1997).  We are not aware of
any opinion of the Texas Court of Criminal Appeals which disavows the
substantial compliance analysis contained in Weekley.  We note that the
Texas Court of Criminal Appeals has favorably cited Weekley.  Hughes,
833 S.W.2d at 140; Robinson v. State,
739 S.W.2d 795, 801 (Tex. Crim. App. 1987). 
Recently, the Texas Court of Criminal Appeals has made the following
statement:  “When there is insufficient
admonition, whether by total failure to admonish or an admonition that is not
in substantial compliance . . . . ”  Anderson v. State, 182 S.W.3d 914, 918
(Tex. Crim. App. 2006).  This statement
suggests that an admonition can be given, but still not be in substantial
compliance.  

 





[7]Myers v. State, 780 S.W.2d 441, 445 (Tex.
App.—Texarkana 1989, pet. ref’d); see
Warren v. State, No. 06-08-00116-CR, 2009 Tex. App. LEXIS 361 (Tex. App.—Texarkana
Jan. 22, 2009, no pet.) (mem op., not designated for publication); see also Jenkins v. State, No. 01-09-00524-CR,
2011 Tex. App. LEXIS 316 (Tex. App.—Houston [1st Dist.] Jan. 13, 2011, no pet.
h.) (mem. op., not designated for publication) (“When, however, the defendant
receives a greater sentence than the court informed the defendant was possible,
the admonishment does not substantially comply.”); Sifuentes v. State, Nos. 04-08-00327-CR, 04-08-00328-CR, 04-08-00329-CR,
2009 Tex. App. LEXIS 6916 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (mem.
op., not designated for publication) (finding lack of substantial compliance
when defendant received “a greater sentence that the court advised was possible”  but finding error harmless) [Although these
unpublished cases have no precedential value, we may take guidance from them
“as an aid in developing reasoning that
may be employed.”  Carillo v. State, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet.
ref’d)]; Dix & Dawson, supra.  






[8]When
a defendant waives his or her right to a jury and pleads guilty or nolo
contendere before the court, the proceeding is best characterized as an
extended unitary trial punctuated by a recess in its middle.  Saldana
v. State, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.); see Barfield
v. State, 63 S.W.3d 446, 450–51
(Tex. Crim. App. 2001).





[9]When the trial court does not substantially comply
with Article 26.13, subsection (c) of Article 26.13, which places the burden on
the defendant, does not apply.  In High, the Texas Court of Criminal
Appeals announced that failure to substantially comply with Article 26.13 would
be subject to harm analysis under Rule 44.2. 
High, 964 S.W.2d at 638.   No burden of proof is assigned to either
party by Rule 44.2(b).  See Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002); see also Tex. R. Evid. 44.2(b). 

 





[10]We
note the Texas Court of Criminal Appeals has repeatedly stated, in dicta, that
a silent record will not establish the failure to substantially comply with Article
26.13 of the Texas Code of Criminal Procecure was harmless.  See
Bessey, 239 S.W.3d at 813; Fakeye v.
State, 227 S.W.3d 714, 717 (Tex. Crim. App. 2007); Aguirre-Mata v. State, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003); Burnett, 88 S.W.3d at 639; cf.
Boykin v. Alabama, 395 U.S. 238
(1969).  These statements, though, were
made in the context of a harmless error analysis when the trial court did not
substantially comply.  The trial court in
this case, though, did substantially comply and subsection (c) of Article
26.13, which places the burden on the defendant, does apply.