**Rodney Lee LUCKETT, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 05–11–00156–CR.

Court of Appeals of Texas, Dallas.

July 25, 2012.

Christian T. Souza, Dallas, for Appellant.

Sue Korioth, Asst. Dist. Atty., Mike McLelland, Kaufman, for Appellee.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FITZGERALD.

The State charged appellant Rodney Lee Luckett with possession of cocaine in an amount less than one gram. Appellant entered an open plea of guilty to the charge and subsequently pleaded not true to two enhancement allegations. The trial court assessed his punishment at ten years' imprisonment. Appellant raised two issues in this Court, both challenging the enhancement of his punishment. We affirm the trial court's judgment.

In his first issue, appellant contends the trial court's sentence is void because the record shows the court found "the enhancement paragraph [singular] to be true," but it assessed appellant's punishment based on two enhancement allegations being found true. At the State's request, the court reporter reviewed her notes. Those notes indicated the trial court had found "enhancement paragraphs [plural]" to be true, and that the record contained a typographical error when it indicated the singular "paragraph." The State filed a motion in this Court to have the record corrected. We granted relief, and a corrected record—indicating that the trial court found "paragraphs" true—has been filed in this Court. Accordingly, appellant's first issue is now moot.

In his second issue, appellant contends the trial court failed to admonish him that the range of punishment would be elevated if enhancement allegations based on prior convictions were proved true. The trial court did admonish appellant before his plea that the range of punishment for his possession offense would be 180 days to two years' confinement in a state jail facility and an optional fine not to exceed $10,000. Appellant entered his guilty plea. The trial court then found him guilty and proceeded to address punishment. The prosecutor read the Notice of State's Intention to Seek Enhancement of the Range of Punishment. That Notice, which had been served on appellant's counsel prior to the trial date, described the two enhancement offenses, and then stated:

[S]hould the jury find from the evidence and say so by their verdict that the Defendant is the same person previously convicted of the offenses set forth in Paragraph 1 above, the range of punishment for the offense in this cause would be by imprisonment in the institutional division of the Texas Department of Criminal Justice for no more than ten (10) years but not less than two (2) years and a fine of up to $10,000.

Appellant pleaded not true to the enhancement allegations, although when he testified he acknowledged committing both offenses. The trial court found both en-

hancement paragraphs true and assessed appellant's punishment at ten years' imprisonment in the institutional division of the Texas Department of Criminal Justice.

In this case, the trial court admonished appellant as to the correct range of punishment for his primary offense. The question before us is whether the trial court also had an obligation to admonish appellant concerning the range of punishment to which appellant would become subject if the enhancement allegations were proved true. Before a trial court can accept a plea of guilty, it must admonish the defendant of the range of punishment attached to the offense. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2011). The admonishments ensure that the defendant enters his plea with full knowledge of its consequences. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Crim.App. 1979), *overruled in part on other grounds, Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997); *Gonzales v. State,* 746 S.W.2d 902, 904 (Tex.App.-Corpus Christi 1988, no pet.). Indeed, "an affirmative showing of such knowledge is constitutionally required." *Gonzales,* 746 S.W.2d at 904 (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The "consequences" of a plea means punishment provided by the law and which can be inflicted under the plea. *Id.* A defendant is not made aware of the full consequences of his plea if he is not admonished of the punishment he could receive if enhancement allegations are proved true. *Taylor v. State,* 591 S.W.2d 826, 828 (Tex. Crim.App.1979); *see also Williams v. State,* 770 S.W.2d 81, 83 (Tex.App.-Dallas 1989, no pet.). The trial court's obligation in this case was to warn appellant of the full consequences of his guilty plea; those consequences necessarily included the range of punishment applicable if enhancement allegations were proved true. *See*

*Gonzales,* 746 S.W.2d at 904 ("the accused should be admonished for the full range of punishment available through enhancement"). The State does not argue otherwise.

Instead, the State argues the trial court's admonishment substantially complied with article 26.13. Substantial compliance by the court is sufficient to satisfy the statute, unless the defendant affirmatively shows he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment the court gave. TEX.CODE CRIM. PROC. ANN. art. 26.13(c). The State relies on a series of three cases for the contention that "article 26.13 does not require admonition regarding the punishment range when enhancement convictions are proven." However, the first two of those cases stand only for the proposition that article 26.13 does not apply to the punishment phase of a trial after a defendant has been tried and found guilty by a jury. *See Sylvester v. State,* 615 S.W.2d 734, 736–37 (Tex.Crim.App.1981); *Harvey v. State,* 611 S.W.2d 108, 112 (Tex.Crim.App.1981). Neither *Sylvester* nor *Harvey* involved a guilty plea by the defendant. And although the third case the State relies on did involve a guilty plea, the court acknowledges in its opinion: "The entire matter was treated as a bifurcated trial and the 'punishment hearing' was contested." *Seagraves v. State,* 342 S.W.3d 176, 182 (Tex. App.-Texarkana 2011, no pet.). When a person enters a plea of guilty, the proceeding properly becomes a unitary proceeding. *Washington v. State,* 893 S.W.2d 107, 108 (Tex.App.-Dallas 1995, no pet.). Thus, regardless of the defendant's plea to enhancement offenses, he must be admonished before entering his plea of the full range of punishment he could receive. The State's reliance on cases involving bifurcated proceedings is not well-founded.

■ A trial court's incorrect admonishment substantially complies with article 26.13 when the record shows the sentence given lies within both the actual range of punishment and the misstated range of punishment. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998). An admonishment cannot substantially comply with article 26.13 when the sentence given is greater than the range admonished by the trial court. *Weekley v. State,* 594 S.W.2d 96, 97 (Tex.Crim.App.1980), *abrogation in part on other grounds recognized, Aguirre–Mata v. State,* 992 S.W.2d 495, 497–98 (Tex.Crim.App.1999). We conclude the admonishment given in appellant's case does not substantially comply with the mandate of article 26.13(a)(1) because appellant was not admonished concerning the punishment he actually received.

■ A failure to comply with article 26.13(a) is nonconstitutional error, subject to the harm analysis of rule 44.2(b) of the Texas Rules of Appellate Procedure. *Aguirre–Mata v. State,* 125 S.W.3d 473, 474 (Tex.Crim.App.2003). We will not reverse unless the record supports an inference that appellant did not know the consequences of his plea. *See Burnett v. State,* 88 S.W.3d 633, 638 (Tex.Crim.App. 2002). Specifically, we examine the entire record to determine whether anything suggests appellant did not know the range of punishment to which he would be subject if the enhancements alleged were proved. *See id.*

■ We conclude no evidence suggests appellant did not know the enhanced range of punishment. In the first instance, the State served upon his counsel its Notice of State's Intention to Seek Enhancement of the Range of Punishment, which specifically stated the range of two to ten years' imprisonment, plus the possibility of a $10,000 fine, that would apply if the enhancements were proved true. That same Notice was read into the record—in appellant's presence—after the court found him guilty and before any evidence concerning punishment was offered. Appellant pleaded not true to the allegations, but he did not object to the surprise of an enhanced range of punishment. Appellant acknowledged in his own testimony that he had in fact committed the two offenses, but he asked the trial court for mercy in his sentencing. And then, appellant's counsel based his entire closing argument on the enhanced range of punishment:

Judge, the main emphasis of my argument is bottom line is to ask the Court to find that the enhancing paragraphs are not true in order that we, [appellant] and I, be found guilty and sentenced under a state jail felony. I understand what the law says. If the State proves two previous state jail felonies, it basically raises the range of punishment up to a third degree felony. We believe based on the evidence that that is insufficient, that the evidence presented is insufficient to raise that level up to a third degree felony; and hence, we would ask the Court to find that the allegations set forth in the State's notice to enhance [are] not true, which would keep this particular offense a state jail felony.

That being the case, and assuming that being our position, we would ask that you assess a punishment somewhere within the range of punishment for a state jail offense.

We find nothing in the record suggesting appellant did not know the range of punishment to which he would be subjected if enhancement allegations were proved. Indeed, we conclude appellant was actually aware of the consequences of his plea and was not misled by the court's limited admonishment. Accordingly, no error in fail-

582

ing to admonish him completely on the range of punishment affected his substantial rights. *See* Tex.R.App. P. 44.2(b); *see also Burnett*, 88 S.W.3d at 638.

The case law in this area has focused almost exclusively on the issues of substantial compliance and harmless error. We restate the procedure that must be followed in admonishing a defendant as to the full range of punishment to reinforce the importance of adhering to the requirements of article 26.13, particularly in enhancement cases. In summary, we must ask whether the trial court properly warned the defendant of the entire range of punishment that could be assessed as a result of his plea. That range must include any enhancements alleged, regardless of whether the defendant has pleaded true or not true to the allegations. The necessary admonishment must be given by the trial court and must be given before the plea is taken. If the trial court has failed to admonish the defendant correctly and completely, then we address whether the admonishment given can properly be categorized as substantial compliance. There is no substantial compliance if the defendant receives a punishment greater than the range on which he was admonished. And if the admonishment does not substantially comply with the mandate of article 26.13, then we perform a harm analysis.

We affirm the trial court's judgment.