**Opinion filed August 9, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00301-CR

_____

## ANTHONY RAY DAVISON, Appellant

## V.

## STATE OF TEXAS, Appellee

### On Appeal from the 278th District Court

### Walker County, Texas

### Trial Court Cause No. 24709

### O P I N I O N

Anthony Ray Davison entered an open plea of guilty to the offense of burglary of a building. Upon receiving evidence pertaining to punishment at a later hearing, the trial court assessed his punishment at confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction and sentence in two issues. He argues that he was not properly admonished concerning the applicable range of punishment. We affirm.

*Background Facts*

The grand jury indicted appellant for burglary of a building, enhanced by three prior felony convictions. Without enhancements, burglary of a building is a state jail felony with a punishment range of not more than two years or less than 180 days' imprisonment. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2012), § 30.02(c)(1) (West 2011). The punishment range for a state jail felony enhanced by two prior felony convictions is not more than twenty years or less than two years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.33 (West 2011); former TEX. PENAL CODE § 12.42(a)(2) (2009).[1]

Appellant executed a "GUILTY PLEA MEMORANDUM" on December 4, 2009, that only contained a written admonishment for the punishment range of a state jail felony. Additionally, he admitted "true" in the guilty plea memorandum to the three prior felony convictions alleged for enhancement purposes. Afterwards, the trial court commenced the plea hearing conducted on that date with an oral admonishment of the punishment range for only a state jail felony. Appellant subsequently pleaded guilty without a negotiated plea agreement after this oral admonishment. Accordingly, appellant was not admonished prior to the entry of his guilty plea with the possible number of years of imprisonment for the enhanced punishment. The trial court concluded the hearing with an announcement that a punishment hearing would be held at a later date.

The punishment hearing occurred on April 1, 2010. At the outset of the hearing, the community supervision and corrections officer that prepared appellant's Pre/Post Sentence Investigation Report testified that the enhancement allegations elevated the applicable punishment range to that of a second-degree felony. Prior to sentencing appellant, the trial court announced that the applicable punishment range was "two to twenty." The punishment hearing concluded with the trial court sentencing appellant to a term of confinement of twenty years.

*Issues*

Appellant asserts in his first issue that the trial court erred in failing to accurately admonish him on the possible number of years of imprisonment for the enhanced punishment. In his second issue, he argues that the trial court's error rendered his guilty plea void. We agree that the trial court erroneously admonished appellant on the applicable punishment range prior to

---

[1] We note that this section was amended in 2011 but that the former version applies to this case based upon the date of the offense. *See* TEX. PENAL CODE ANN. § 12.425 (West. Supp. 2012) for the current version

the entry of his guilty plea. However, the record does not show that appellant was harmed by the error.

*Analysis*

We begin our analysis by noting that the Dallas Court of Appeals recently issued an opinion in *Luckett v. State*, No. 05-11-00156-CR, 2012 WL 3025117 (Tex. App.—Dallas July 25, 2012, no pet. h.), that involved a similar situation. The trial court in *Luckett* admonished the defendant on the correct range of punishment for the primary offense. *Luckett*, 2012 WL 3025117, at *1. However, the trial court did not admonish the defendant on the range of punishment that he would become subject to if the enhancement allegations were proven. We find the holding and analysis in *Luckett* to be instructive in this appeal.

Prior to accepting a plea of guilty, the trial court must admonish the defendant of the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2012). A defendant is not made aware of the full consequences of his plea if he is not admonished of the punishment he could receive if enhancement allegations are proven true. *Taylor v. State*, 591 S.W.2d 826, 828 (Tex. Crim. App. 1979); *Luckett*, 2012 WL 3025117, at *1. Accordingly, the trial court should have warned appellant of the full range of punishment available through enhancement prior to accepting his plea. *Luckett*, 2012 WL 3025117, at *1; *Gonzales v. State*, 746 S.W.2d 902, 904 (Tex. App.—Corpus Christi 1988, no pet.). This requirement applies regardless of the defendant's plea to enhancement offenses. *Luckett*, 2012 WL 3025117, at *1. In reaching this conclusion, we disagree with the Texarkana Court of Appeals' holding in *Seagraves v. State*, 342 S.W.3d 176, 181 (Tex. App.—Texarkana 2011, no pet.), that Article 26.13 only requires the trial court to admonish the defendant on the punishment range for the primary offense. TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2012).

The State asserts that appellant has not preserved error regarding the erroneous admonishment by failing to object to it at trial. "[A] court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). This rule applies because the court has a statutory duty to properly admonish defendants under Article 26.13. *Id.* The record does not contain any express waiver by appellant.

Having determining that the trial court's pre-plea admonishment was erroneous, we must determine if it constituted reversible error. If the trial court's incorrect admonishment

substantially complies with Article 26.13(a)(1), Article 26.13(c) sets out the applicable standard of review: the defendant would have to affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment the court gave. *Luckett*, 2012 WL 3025117, at \*2. Substantial compliance did not occur in this case, however, because appellant received a greater sentence than the court informed him was possible. *Weekley v. State*, 594 S.W.2d 96, 97 (Tex. Crim. App. 1980), *abrogated on other grounds by Aguirre-Mata v. State*, 992 S.W.2d 495 (Tex. Crim. App. 1999) (*Aguirre-Mata I*); *Luckett*, 2012 WL 3025117, at \*2. Accordingly, we conduct the harm analysis for a nonconstitutional error set out in TEX. R. APP. P. 44.2(b). *Aguirre-Mata v. State*, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003) (*Aguirre-Mata II*); *Luckett*, 2012 WL 3025117, at \*2.

We will not reverse unless the record supports an inference that appellant did not know the consequences of his plea. *See Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002); *Luckett*, 2012 WL 3025117, at \*2. Specifically, we examine the entire record to determine whether anything suggests appellant did not know the range of punishment to which he would be subject if the enhancements alleged were proved. *See Burnett*, 88 S.W.3d at 638; *Luckett*, 2012 WL 3025117, at \*2. As noted previously, a witness and the trial court correctly stated the enhanced punishment range during the punishment hearing. While these statements were made after appellant entered his guilty plea, they occurred prior to sentencing. As was the case in *Luckett*, appellant did not claim surprise when the enhanced range of punishment was either discussed or implemented at the punishment hearing. His lack of a protest on the basis of being surprised supports an inference that he was actually aware of the enhanced punishment range and was not misled by the court's erroneous admonishment. Accordingly, the record does not show that appellant did not know the range of punishment to which he would be subjected if enhancement allegations were proved. Appellant's first issue is overruled.

In his second issue, appellant asserts that the trial court's incorrect admonishment rendered his guilty plea involuntary. However, appellant has not properly preserved a complaint relating to the voluntariness of his guilty plea in accordance with TEX. R. APP. P. 33.1 in the form of a timely objection, request, or presentment in a motion for new trial. *Mendez v. State*, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004); *Williams v. State*, 10 S.W.3d 788, 789 (Tex. App.— Waco 2000, pet. ref'd). Moreover, appellant argues that a harm analysis under TEX. R. APP. P. 44.2(a) for constitutional error applies to our review of the erroneous admonishment by

4

asserting that it rendered his plea involuntary. The Texas Court of Criminal Appeals expressly rejected this heightened level of harm analysis in *Aguirre-Mata I* and *Aguirre-Mata II* for erroneous punishment admonishments. *Aguirre-Mata II,* 125 S.W.3d at 473–74; *Aguirre-Mata I,* 992 S.W.2d at 496. We have already conducted a harm analysis under the correct standard for nonconstitutional error under Rule 44.2(b) in our resolution of appellant's first issue. Accordingly, appellant's second issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 9, 2012

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.