Opinion filed August 9,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00301-CR

                                                    __________

 

                             ANTHONY
RAY DAVISON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 278th District Court

 

                                                           Walker
County, Texas

 

                                                      Trial
Court Cause No. 24709

 



 

                                                                  O
P I N I O N

 

            Anthony
Ray Davison entered an open plea of guilty to the offense of burglary of a
building.  Upon receiving evidence pertaining to punishment at a later hearing,
the trial court assessed his punishment at confinement for a term of twenty years
in the Institutional Division of the Texas Department of Criminal Justice.   Appellant
challenges his conviction and sentence in two issues.  He argues that he was not
properly admonished concerning the applicable range of punishment.  We affirm. 





 

Background
Facts

The grand jury indicted appellant for burglary of a building,
enhanced by three prior felony convictions.  Without enhancements, burglary of
a building is a state jail felony with a
punishment range of not more than two years or less than 180 days’ imprisonment.  See Tex. Penal Code
Ann. § 12.35(a) (West Supp. 2012), § 30.02(c)(1) (West 2011).  The
punishment range for a state jail felony enhanced by two prior felony
convictions is not more than twenty years or less than two years’
imprisonment.  See Tex. Penal
Code Ann.  § 12.33 (West 2011); former Tex.
Penal Code § 12.42(a)(2) (2009).[1] 


Appellant executed a “GUILTY PLEA MEMORANDUM” on December 4, 2009,
that only contained a written admonishment for the punishment range of a state
jail felony.  Additionally, he admitted “true” in the guilty plea memorandum to
the three prior felony convictions alleged for enhancement purposes.  Afterwards,
the trial court commenced the plea hearing conducted on that date with an oral
admonishment of the punishment range for only a state jail felony.  Appellant subsequently
pleaded guilty without a negotiated plea
agreement after this oral admonishment.  Accordingly,
appellant was not admonished prior to the entry of his guilty plea with the possible
number of years of imprisonment for the enhanced punishment.  The
trial court concluded the hearing with an announcement that a punishment
hearing would be held at a later date.

            The
punishment hearing occurred on April 1, 2010.  At the outset of the hearing,
the community supervision and corrections officer that prepared appellant’s Pre/Post
Sentence Investigation Report testified that the enhancement allegations
elevated the applicable punishment range to that of a second-degree felony.  Prior
to sentencing appellant, the trial court announced that the applicable
punishment range was “two to twenty.”  The punishment hearing concluded with
the trial court sentencing appellant to a term of confinement of twenty years.

Issues

            Appellant
asserts in his first issue that the trial court erred in failing to accurately
admonish him on the possible number of years of imprisonment for the enhanced
punishment.  In his second issue, he argues that the trial court’s error
rendered his guilty plea void.  We agree that the trial court erroneously
admonished appellant on the applicable punishment range prior to the entry of
his guilty plea.  However, the record does not show that appellant was harmed
by the error.

Analysis

            We
begin our analysis by noting that the Dallas Court of Appeals recently issued
an opinion in Luckett v. State, No. 05-11-00156-CR, 2012 WL 3025117 (Tex.
App.—Dallas July 25, 2012, no pet. h.), that involved a similar situation. 
The trial court in Luckett admonished the defendant on the correct range
of punishment for the primary offense.   Luckett, 2012 WL 3025117, at
*1.   However, the trial court did not admonish the defendant on the range of
punishment that he would become subject to if the enhancement allegations were
proven.  We find the holding and analysis in Luckett to be instructive
in this appeal.

Prior
to accepting a plea of guilty, the trial court must admonish the defendant of
the range of punishment attached to the offense.  Tex. Code  Crim. Proc. Ann. art. 26.13(a)(1) (West Supp. 2012).
  A defendant is not made aware of the full consequences of his plea if he is
not admonished of the punishment he could receive if enhancement allegations
are proven true. Taylor v. State, 591 S.W.2d 826, 828 (Tex. Crim. App. 1979);
Luckett, 2012 WL 3025117, at *1.  Accordingly, the trial court should
have warned appellant of the full range of punishment available through
enhancement prior to accepting his plea.  Luckett, 2012 WL 3025117, at
*1; Gonzales v. State, 746 S.W.2d 902, 904 (Tex. App.—Corpus Christi
1988, no pet.).  This requirement applies regardless of the defendant’s plea to
enhancement offenses.  Luckett, 2012 WL 3025117, at *1.  In reaching
this conclusion, we disagree with the Texarkana Court of Appeals’ holding in Seagraves
v. State, 342 S.W.3d 176, 181 (Tex. App.—Texarkana 2011, no pet.), that Article
26.13 only requires the trial court to admonish the defendant on the punishment
range for the primary offense.  Tex.
Code Crim. Proc. Ann. art. 26.13 (West Supp. 2012).

The
State asserts that appellant has not preserved error regarding the erroneous
admonishment by failing to object to it at trial.  “[A] court’s failure to properly admonish a defendant cannot be forfeited and may be raised for the
first time on appeal unless it is expressly waived.”  Bessey v. State,
239 S.W.3d 809, 812 (Tex. Crim. App. 2007).  This rule applies because the court has a statutory duty to properly admonish defendants under Article 26.13.  Id. 
The record does not contain any express waiver by appellant.  

Having
determining that the trial court’s pre-plea admonishment was erroneous, we must
determine if it constituted reversible error.  If the trial court’s incorrect admonishment
 substantially complies with Article 26.13(a)(1), Article 26.13(c) sets out the
applicable standard of review: the defendant would have to affirmatively show
that he was not aware of the consequences of his plea and that he was misled or
harmed by the admonishment the court gave.  Luckett, 2012 WL 3025117, at
*2.   Substantial compliance did not occur in this case, however, because
appellant received a greater sentence than the court informed him was
possible.  Weekley v. State, 594 S.W.2d 96, 97 (Tex. Crim. App. 1980), abrogated
on other grounds by Aguirre-Mata v. State, 992 S.W.2d 495 (Tex. Crim. App. 1999)
(Aguirre-Mata I); Luckett, 2012 WL 3025117, at *2.  Accordingly,
we conduct the harm analysis for a nonconstitutional error set out in Tex. R. App. P. 44.2(b).  Aguirre-Mata
v. State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003) (Aguirre-Mata II);
Luckett, 2012 WL 3025117, at *2. 

We
will not reverse unless the record supports an inference that appellant did not
know the consequences of his plea.  See Burnett v. State, 88 S.W.3d 633,
638 (Tex. Crim. App. 2002); Luckett, 2012 WL 3025117, at *2.  Specifically,
we examine the entire record to determine whether anything suggests appellant
did not know the range of punishment to which he would be subject if the
enhancements alleged were proved.  See Burnett, 88 S.W.3d at 638;
Luckett, 2012 WL 3025117, at *2.  As noted previously, a witness and the
trial court correctly stated the enhanced punishment range during the
punishment hearing.  While these statements were made after appellant entered
his guilty plea, they occurred prior to sentencing.  As was the case in Luckett,
appellant did not claim surprise when the enhanced range of punishment was
either discussed or implemented at the punishment hearing.  His lack of a
protest on the basis of being surprised supports an inference that he was
actually aware of the enhanced punishment range and was not misled by the
court’s erroneous admonishment.  Accordingly, the record does not show that
appellant did not know the range of punishment to which he would be subjected
if enhancement allegations were proved.  Appellant’s first issue is overruled.

In
his second issue, appellant asserts that the trial court’s incorrect
admonishment rendered his guilty plea involuntary.  However, appellant has not properly preserved a complaint relating to the voluntariness of his guilty plea
in accordance with Tex. R. App. P. 33.1
in the form of a timely objection, request, or presentment in a motion for new
trial.  Mendez v. State, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004); Williams
v. State, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref’d).  Moreover, appellant argues that a harm analysis under Tex. R. App. P. 44.2(a) for constitutional error
applies to our review of the erroneous admonishment by asserting that it
rendered his plea involuntary.  The Texas Court of Criminal Appeals expressly
rejected this heightened level of harm analysis in Aguirre-Mata I and Aguirre-Mata
II for erroneous punishment admonishments.  Aguirre-Mata II, 125
S.W.3d at 473–74; Aguirre-Mata I, 992 S.W.2d at 496.  We have
already conducted a harm analysis under the correct standard for
nonconstitutional error under Rule 44.2(b) in our resolution of appellant’s
first issue.  Accordingly, appellant’s second issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 9, 2012

Publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]We note that this section was amended in 2011 but that
the former version applies to this case based upon the date of the offense.  See
Tex. Penal Code Ann. § 12.425
(West. Supp. 2012) for the current version