**AFFIRM; and Opinion Filed July 26, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00561-CR

**TONY GLENN BOYD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-75804-R**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Without a plea agreement as to punishment, appellant Tony Glenn Boyd pleaded guilty to burglary of a habitation and true to the enhancement paragraph in the indictment. The trial court found appellant guilty and assessed punishment at twenty-five years' imprisonment. In two issues, appellant contends that his guilty plea was not voluntary because the trial court's admonishment as to the range of punishment did not substantially comply with article 26.13(a)(1) of the code of criminal procedure, and his sentence is void because it is outside the range of punishment for the offense. We affirm. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

**Background**

Appellant was charged with burglary of a habitation, a second degree felony with a punishment range of two to twenty years' confinement and a possible fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33; 30.02(a)(1), (c)(2) (West 2011). The indictment also contained two enhancement paragraphs based on appellant's prior felony convictions for burglary of a habitation that, if proved, increased the punishment range to imprisonment for life, or for any term between twenty-five and ninety-nine years. *See id.* § 12.42(d) (West Supp. 2015).

At the plea hearing, the trial court orally admonished appellant that he was charged with a second degree felony and, if the State was able to prove the two enhancement paragraphs, the punishment range "would begin at 25 years and would be a maximum of 99 years or life." Appellant said he understood the punishment range. As part of the plea negotiations, the State offered to strike one of the enhancement paragraphs and recommend a sentence of ten years' imprisonment.[1] After discussing the State's offer with his attorney, appellant told the trial court that he understood, based on the indictment, that he was "looking at 25 to life." Appellant testified that, although his attorney had advised him to take the State's offer, he wanted to seek probation.

The trial court stressed to appellant that the State was not offering probation, and appellant inquired whether he had the option of entering an open plea. The trial court instructed appellant that an open plea was "an all or nothing proposition because you are looking at 25 to life, unless the State is willing to strike paragraphs. Then you are looking at either going to

---

[1] A second degree felony enhanced by one prior conviction is punishable by a term of imprisonment of life, or for any term between five and ninety-nine years, and a possible fine not to exceed $10,000. *See id.* §§ 12.32 (West 2011) (setting out punishment for first degree felony); 12.42(b) (defendant convicted of second degree felony with one prior felony conviction shall be punished for felony of first degree).

prison for a minimum of 25 years or I give you probation." The trial court recessed the proceedings to allow appellant "to talk to [his] attorney a little bit more about that."

During the recess, appellant signed a plea agreement stating he was pleading guilty to the offense and true to the enhancement paragraph and going "open" to the trial court for punishment. The trial court's written admonishments in the plea agreement informed appellant that he was charged with a second degree felony for which the punishment range was two to twenty years' confinement and an optional fine not to exceed $10,000. However, the trial court orally admonished appellant:

> [Y]ou are charged, by Indictment of Burglary of a Habitation. They are now – the State has filed a Motion to Strike paragraph one, which I am granting. So now the punishment range for you is from 5 years to 99 years or life and a fine not to exceed $10,000.

The trial court asked appellant whether he understood that, because there was not an agreement as to punishment, he could be sentenced "anywhere within that punishment range, from 5 years to 99 years or life or anywhere in-between or probation." Appellant indicated he understood. The trial court found that appellant was competent to stand trial and his plea was freely and voluntarily given. The trial court accepted the "plea of guilty," and took the case under advisement pending the preparation of a pre-sentence report.

At the punishment hearing, appellant confirmed that he recalled pleading guilty "to this case" and true to the enhancement paragraph. After hearing evidence, the trial court stated:

> Now, back on February 20th, you pled guilty and you pled true. I accepted your pleas [sic] of true at that time. I found that the pleas were voluntary and I accepted them. . . .
>
> Mr. Boyd, I'm going to find that the evidence substantiates your guilt beyond a reasonable doubt for burglary of habitation, and I'm going to assess your punishment at 25 years in the Texas Department of Corrections.

Appellant filed this appeal from the trial court's judgment.

–3–

**Voluntariness of Plea**

In his first issue, appellant contends that his guilty plea was not voluntary because the trial court's admonishments as to the range of punishment did not substantially comply with article 26.13(a)(1) of the code of criminal procedure. Appellant specifically argues that the trial court's written admonishment stated the range of punishment was a term of confinement between two and twenty years and an optional fine not to exceed $10,000, and he received a greater sentence than the written admonishment informed him was possible.

Relying on *Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004), the State first argues that appellant failed to preserve error in the trial court. "Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). The voluntariness of a guilty plea must be preserved for appellate review and cannot be raised for the first time on appeal. *Mendez*, 138 S.W.3d at 339 n.5. But a complaint that the trial court improperly admonished the defendant is a "waivable-only right" and "may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007); *see also Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). Accordingly, we will address appellant's first point of error.

Before accepting a guilty plea, the trial court must admonish the defendant about the consequences of the plea, including the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2015). The trial court may make the admonitions either orally or in writing. *Id.* art. 26.13(d). Substantial compliance with article 26.13 is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *Id.* art. 26.13(c).

A trial court substantially complies with article 26.13 when it undertakes to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has

failed to show harm. *Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); *see also Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006) ("'There is a large gray area between letter-perfect compliance and total failure to admonish,' and questions of substantial compliance arise in that gray area." (quoting *Taylor v. State*, 610 S.W.2d 471, 478 (Tex. Crim. App. 1980) (op. on reh'g)). The presence of article 26.13 admonitions in the record creates a prima facie showing that substantial compliance occurred and the plea was both knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). The burden then shifts to the defendant to show he did not understand the consequences of his plea and that he was harmed or misled by the admonitions. *Id.*

Appellant pleaded guilty to the second degree felony offense of burglary of a habitation and pleaded true to one enhancement paragraph. The offense was punishable as a first degree felony by imprisonment for life, or for any term between five and ninety-nine years, and a possible fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 12.42(b). Regardless of whether the written admonishment was correct, the trial court gave a correct oral admonishment to appellant about the punishment range. *See Luckett v. State*, 394 S.W.3d 577, 580 (Tex. App.—Dallas 2012, no pet.) ("Thus, regardless of the defendant's plea to enhancement offenses, he must be admonished before entering his plea of the full range of punishment he could receive."); *Stinecipher v. State*, 438 S.W.3d 155, 164–65 (Tex. App.—Tyler 2014, no pet.) (trial court substantially complied with article 26.13(a)(1) by taking measures to admonish defendant on correct punishment range). Appellant indicated he understood the range of punishment applicable to the enhanced offense and was sentenced within the range prescribed by the law for the enhanced offense. *See* TEX. PENAL CODE ANN. §§ 12.32, 12.42(b).

Finally, appellant is unable to demonstrate that any harm occurred because of any incorrect written admonishment. Appellant chose to make an open plea to the trial court because

he wanted to be placed on probation, or community supervision, rather than be sentenced to a term of confinement. He indicated he understood he could be sentenced to imprisonment for life, or for any term between five and ninety-nine years, with a possible fine not to exceed $10,000. He has not alleged or proven that he would not have entered the guilty plea had he been correctly admonished in writing. Consequently, appellant has failed to show he was misled or harmed by maintaining his guilty plea in light of the trial court's correct oral admonishment. *See Stinecipher*, 438 S.W.3d at 165.

We conclude that the trial court substantially complied with the requirements of article 26.13(a)(1) of the code of criminal procedure in admonishing appellant about the punishment range that applied to the enhanced offense. As a result, appellant has not demonstrated that his guilty plea was involuntary. We resolve appellant's first issue against him.

### Legality of Sentence

In his second issue, appellant argues that his sentence is void because it exceeds the permissible punishment range. Appellant specifically argues that the trial court failed to orally pronounce that the enhancement paragraph in the indictment was true and that the punishment range for a second degree felony applied to the offense.

Appellant was charged with a second degree felony, enhanced by one prior felony conviction. For appellant's sentence to be enhanced based on the prior felony conviction, the State had the burden to prove his prior conviction was final under the law, and he was the person convicted of that offense. *See* TEX. PENAL CODE ANN. § 12.42(b); *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). Appellant pleaded true to the enhancement paragraph and, during the punishment hearing, the trial court admitted evidence of the alleged prior felony conviction on which the State was relying for purposes of enhancing appellant's sentence.

The trial court did not explicitly make an oral finding of true to the enhancement paragraph in the indictment, but the judgment states the trial court found the enhancement paragraph true. Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g); *see also In re Medina*, 475 S.W.3d 291, 303 (Tex. Crim. App. 2015). The record before us does not contain evidence contrary to the representation in the judgment that the court found the enhancement paragraph true.

Additionally, when the trial court assesses a defendant's punishment, the court is not required to read an enhancement paragraph of the indictment or the finding concerning the enhancement paragraph to the defendant. *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd) (citing *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973)). "Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Garner*, 858 S.W.2d at 660). A trial court does not commit error by failing to announce its enhancement findings in open court prior to sentencing so long as it appears from the record that the court found the enhancement true and entered the sentence accordingly. *Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Garner*, 858 S.W.2d at 660).

In this case, the trial court admonished appellant about the punishment range for the enhanced offense, the evidence proved appellant was convicted of the prior offense, the judgment reflects a finding of true as to the alleged enhancement, and appellant was sentenced within the punishment range for the enhanced offense. We conclude that the trial court implicitly found the enhancement paragraph in the indictment to be true and sentenced appellant within the correct punishment range. We resolve appellant's second issue against him.

**Conclusion**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150561F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TONY GLENN BOYD, Appellant

No. 05-15-00561-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F14-75804-R.
Opinion delivered by Justice Lang-Miers, Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of July, 2016.