

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00152-CR

Gilbert **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR6269
Honorable Phil Chavarria, Jr., Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: June 13, 2018

AFFIRMED

Appellant Gilbert Rodriguez pleaded guilty to first-degree murder and true to the enhancement allegation in the indictment. A jury assessed punishment at confinement for life. On appeal, Rodriguez complains the trial court failed to properly admonish him as to the range of punishment he faced in connection with his plea after he pled true to the enhancement allegation in the indictment. We affirm the trial court's judgment.

## BACKGROUND

Rodriguez was charged with first-degree murder, and the trial court admonished him that the penalty range he faced was "five to ninety-nine or life and $10,000." Rodriguez stated he understood and entered his guilty plea. During the punishment phase of the trial, the State's attorney read the enhancement allegation aloud in open court, and Rodriguez pled true to the enhancement allegation. Rodriguez was not admonished by the trial court about the range of punishment he faced with the enhancement allegation. The jury found the enhancement allegation to be true and assessed punishment at confinement for life.

## DISCUSSION

In a single issue, Rodriguez contends the trial court failed to admonish him that the minimum range of punishment would be elevated if he pled true to the enhancement allegation in the indictment. Before a trial court may accept a guilty plea, it must admonish the defendant about the full consequences of his plea, including the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2017). A defendant is not made aware of the full consequences of his plea if he is not admonished of the punishment he could receive if an enhancement allegation is pleaded as true. *Taylor v. State*, 591 S.W.2d 826, 828 (Tex. Crim. App. 1979); *see also Luckett v. State*, 394 S.W.3d 577, 580 (Tex. App.—Dallas 2012, no pet.) ("The trial court's obligation in this case was to warn appellant of the full consequences of his guilty plea; those consequences necessarily included the range of punishment applicable if enhancement allegations were proved true.").

In this case, the trial court admonished Rodriguez regarding the range of punishment he faced for an unenhanced first-degree murder charge, which was five to ninety-nine years or life. However, when enhanced by a prior felony conviction, the range of punishment becomes fifteen to ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2017). Thus,

the trial court failed to properly admonish Rodriguez of the minimum punishment he faced if he pleaded true to the enhancement allegation in the indictment. Nevertheless, substantial compliance by the trial court is sufficient to satisfy article 26.13, unless the appellant can affirmatively show he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment the trial court gave. TEX. CODE CRIM. PROC. ANN. art. 26.13(c). An incorrect admonishment substantially complies with article 26.13 when the record shows the sentence actually received lies within both the actual range of punishment and the misstated range of punishment. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). An admonishment does not substantially comply with article 26.13 when the sentence actually received is greater than the range admonished by the trial court. *Luckett*, 394 S.W.3d at 580. Here, Rodriguez's life sentence lies within the range admonished by the trial court and is the precise punishment the trial court explained was the maximum it could assess. We thus conclude the trial court substantially complied with its obligation to admonish Rodriguez of the range of punishment attached to his offense. *See Martinez*, 981 S.W.2d at 197.

Because the trial court substantially complied with its duty to admonish Rodriguez, Rodriguez must demonstrate he was not aware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. TEX. CODE CRIM. PROC. ANN. art. 26.13(c). "[W]e examine the entire record to determine whether anything suggests appellant did not know the range of punishment to which he would be subject if the enhancements alleged were proved." *Luckett*, 394 S.W.3d at 581. Here, "the record is replete with evidence that [Rodriguez] *did* know the punishment range." *Burnett v. State*, 88 S.W.3d 633, 639 (Tex. Crim. App. 2002) (emphasis original).

During voir dire, which was conducted in Rodriguez's presence and prior to the entering of his guilty plea, the State's attorney explained to the potential jurors that the range of punishment

for a first-degree felony murder charge was "five to ninety-nine or life." The State's attorney then repeatedly explained how a prior felony conviction would increase the minimum range of punishment Rodriguez faced, specifically stating, "[s]o in that sense it could go from five to ninety-nine, a first-degree felony, to a first-degree repeater, which is fifteen to ninety-nine." *See id.* (finding the appellant was aware of the punishment range he faced when neither he nor his counsel "objected or attempted to withdraw his plea at any point during voir dire, despite the repeated references to the potential severity of the sentence that the jury would assess"). Moreover, the jury charge, which detailed the range of punishment Rodriguez faced, was read aloud in open court. Finally, during closing arguments, the State's attorney again discussed the different minimum ranges of punishments appellant faced, stating, "[t]he top is still going to be ninety-nine years or life, but we believe the proper range of punishment in this case is fifteen years, ninety-nine or life." Thus, "[w]ithout any evidence on the record to support an inference that [Rodriguez] did not know the consequences of his plea and with a great deal of evidence to show that [Rodriguez] did know the range of punishment he faced, we cannot find that the trial judge's failure to admonish [Rodriguez] regarding the range of punishment misled or harmed [him]." *Burnett*, 88 S.W.3d at 641.

Accordingly, we overrule Rodriguez's sole issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do not publish