# Court of Appeals
## Tenth Appellate District of Texas

10-24-00050-CR
10-24-00052-CR

Adam Padgett,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
77th District Court of Limestone County, Texas
Judge Patrick H. Simmons, presiding
Trial Court Cause Nos. 15545-A, 15546-A

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Following open pleas of guilty to the trial court, Adam Lee Padgett appeals his two convictions for aggravated robbery in trial court cause numbers 15545-A and 15546-A.[1]  In his sole issue on each appeal, Padgett argues that

---

[1] Padgett was convicted of the offenses of aggravated robbery and evading arrest in a motor vehicle in trial court cause number 15545-A and of a separate offense of aggravated robbery in trial court cause number 15546-A.  *See* TEX. PENAL CODE ANN. §§ 29.03, 38.04. Padgett's original brief in cause number 10-24-00052-CR (relating to trial court cause number 15545-A) did not address the evading arrest in a motor vehicle conviction.  On November 14, 2024, pursuant to an order of this Court, Padgett filed a

each of his guilty pleas to aggravated robbery were rendered involuntary by the trial court's incorrect admonishment regarding the minimum punishment he could receive upon pleading guilty. We will affirm.

## Background

On October 19, 2022, a few months after Padgett was indicted, the State filed a document entitled "State's Notice of Enhancement Allegations" in each case. The notices listed three of Padgett's prior final felony convictions and advised that the State intended to seek the enhanced punishment range of fifteen to ninety-nine years or life in prison on the aggravated robbery charges.[2]

On October 17, 2023, the trial court called both cases. Prior to accepting Padgett's guilty pleas in each case, the trial court admonished him on the ranges of punishment as follows:

> The Court: All right. Mr. Padgett, in Cause No. 15545-A, you stand charged with a two-count indictment. The first charge is aggravated robbery; that's a first degree felony and carries a potential punishment range of not less than 5 no more than 99 years or Life in prison and I could assess a fine up to $10,000. In Count II you face a charge of evading arrest in a motor vehicle; that's a third degree felony and the potential punishment there is not less than two no more than ten years in the Texas Department of Criminal Justice Institutional Division and, again, I could assess a fine up to $10,000. Do you understand that range of punishment in that case?

motion to withdraw his original brief in cause number 10-24-00052-CR and to substitute an amended brief in its place. We grant Padgett's motion.

[2] The record indicates that a habitual-offender punishment range was not applicable because all three of the felony convictions were disposed of on the same date. *See* TEX. PENAL CODE ANN. § 12.42(d).

The Defendant: Yes, sir.

The Court: And in Cause No. 15546-A, you stand charged with the offense of aggravated robbery, again, a first degree felony; that, again, has a punishment range of not less than 5 no more than 99 years or Life in prison. And, again, I could assess a fine up to $10,000. Once again, do you understand the range of punishment in that case?

The Defendant: Yes, sir.

After reviewing the plea paperwork and confirming with Padgett that he intended to enter an open plea of guilty to the court, Pagett pled guilty to all three charges. The trial court found that the evidence supported Padgett's guilty pleas and deferred sentencing pending preparation and review of a Presentence Investigation Report.

Sixteen days later, the State filed another "State's Notice of Enhancement Allegations" in each case. These notices listed the same three prior felony convictions as the original notices.

At the punishment hearing on February 12, 2024, the trial court read the three enhancement allegations in the State's notices and Padgett pled "true" to each allegation. At the conclusion of the punishment hearing, the trial court sentenced Padgett to thirty-five years in prison on each aggravated robbery charge.[3]

---

[3] Padgett was also sentenced to ten years in prison on the evading arrest in a motor vehicle charge.

## Voluntariness of Aggravated Robbery Pleas

Padgett appears to argue that the trial court's failure to admonish him of the enhanced punishment range prior to accepting his aggravated robbery guilty pleas violated the Due Process Clause of the Fourteenth Amendment and Article 26.13(a)(1) of the Texas Code of Criminal Procedure, though he does not analyze these claims separately in his error analysis or in his harm analysis. *See* U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1); TEX. R. APP. P. 44.2. "[A]ny claim that the trial court failed to follow the mandate of [Article 26.13] is separate from the claim that the guilty plea was accepted in violation of due process." *Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). However, we will consider both questions fairly raised and address each of them in turn. *See* TEX. R. APP. P. 38.1(f).

STANDARDS OF REVIEW AND RELEVANT LAW

Article 26.13(a)(1) of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant of the "range of punishment attached to the offense" prior to accepting his plea of guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). In enhancement cases, "[t]hat range must include any enhancements alleged, regardless of whether the defendant has pleaded true or not true to the allegations." *Luckett v. State*, 394 S.W.3d 577, 582 (Tex. App.—Dallas 2012, no pet.). An appellant may raise the issue of improper

admonishments in breach of Article 26.13 for the first time on direct appeal.[4]

*Bessey v. State,* 239 S.W.3d 809, 814 (Tex. Crim. App. 2007); *see also Davison*, 405 S.W.3d at 684-693.  A trial court's violation of this statute is subject to the non-constitutional harm analysis found in Rule of Appellate Procedure 44.2(b).

*See* TEX. R. APP. P. 44.2(b).  In assessing harm, reviewing courts look to the record as a whole "to determine whether the defendant was aware of the particular information upon which he should have been admonished— notwithstanding the lack of an admonishment—prior to the time that the trial court accepted his plea." *Davison*, 405 S.W.3d at 688.

Federal due process requires a criminal defendant's waiver of constitutional rights to be voluntary, knowing, and intelligent, with sufficient understanding of the relevant circumstances and likely consequences of such waiver.  *See* U.S. CONST. amend. XIV; *Davison*, 405 S.W.3d at 686.  A guilty plea involves a waiver of three constitutional rights: (1) the right to a trial by jury, (2) the right to confront one's accusers, and (3) the privilege against self-incrimination.  *See Aguirre-Mata v. State*, 125 S.W.3d 473, 479 (Tex. Crim.

---

[4] We note here, as we have in prior cases, that the proper procedural vehicle for a plea-bargaining defendant to challenge the voluntariness of his plea is through an application for writ of habeas corpus instead of through direct appeal.  *See Jordan v. State*, 54 S.W.3d 783, 786-87 (Tex. Crim. App. 2001); *Carnley v. State*, 682 S.W.3d 287, 288 (Tex. App.—Waco 2023, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 11; TEX. R. APP. P. 25.2(a)(2), 44.02.  In contrast, Padgett's entry of an "open plea" – meaning a guilty plea entered without a sentence bargain, charge bargain, or other previous agreement with the State in exchange for his plea of guilty –  permits his direct appeal of this issue.  *See Harper v. State*, 567 S.W.3d 450, 454-55 (Tex. App.—Fort Worth 2019, no pet.) (discussing "sentence bargains," "charge bargains," and "open pleas"); *see, e.g., Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013); *Grays v. State*, 888 S.W.2d 876 (Tex. App.—Dallas 1994, no pet.).

App. 2003) (quoting *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 274 (1969)). For a criminal defendant's guilty plea to be constitutionally valid, he must have "an actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes—in short, a 'full understanding of what the plea connotes and of its consequence.'" *See Davison*, 405 S.W.3d at 686 (quoting *Boykin*, 395 U.S. at 244). The Court of Criminal Appeals has recognized that due process does not require:

> "…the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment." So long as the record *otherwise* affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. For the appellant to prevail on his constitutional claim, therefore, it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent.

*Davison*, 405 S.W.3d at 687 (internal citations omitted). Constitutional error is subject to a harm analysis pursuant to Rule of Appellate Procedure 44.2(a). *See* TEX. R. APP. P. 44.2(a).

ARTICLE 26.13(A)(1)

A trial court's admonishment that "substantially complies" with Article 26.13 is sufficient. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c). In the context relevant here, "substantial compliance" with Article 26.13(a)(1) is

achieved when the record reflects that the trial court incorrectly admonished a defendant regarding the punishment range but assessed punishment within the actual and misstated ranges. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). If substantial compliance has occurred, the burden then shifts to the defendant to affirmatively demonstrate that (1) he was unaware of the consequences of his plea, and (2) he was misled or harmed by the admonishment of the court. TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Grays*, 888 S.W.2d at 878.

At the plea hearing, the trial court admonished Padgett that the range of punishment for his aggravated robbery offenses was between five years to ninety-nine years or life in prison, which is the unenhanced punishment range applicable to aggravated robbery offenses. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03(b). The actual punishment range applicable to Padgett's aggravated robbery charges, as enhanced, was fifteen to ninety-nine years or life in prison. *See id.* at § 12.42(c)(1). We find that the trial court substantially complied with Article 26.13(a)(1) because the thirty-five-year sentence that was assessed falls within both the actual and misstated ranges of punishment.

The question then becomes whether Padgett has met his burden to affirmatively demonstrate that he was unaware of the consequences of his plea and was misled or harmed by the court's admonishment. Padgett attempts to meet his burden by advancing three arguments: (1) by speculating that he may

have been under the impression that his trial counsel had successfully persuaded the State to abandon the enhancements prior to entering his open pleas; (2) by noting that the record clearly demonstrates that the trial court incorrectly admonished him on the proper minimum end of the applicable punishment range; and, (3) by suggesting that the State's filing of its second enhancement notification sixteen days after he entered his open pleas "leads to the singular determination" that neither the trial court nor Padgett were aware that Padgett faced an enhanced minimum punishment at the time of his open pleas.

An affirmative showing requires more than a defendant's unsupported, subjective assertions. *See Lemmons v. State*, 133 S.W.3d 751, 759 (Tex. App.— Fort Worth 2004, pet. ref'd). "[A] defendant must show by evidence grounded in the record both his lack of knowledge or understanding about the punishment range for his offense and, objectively, the manner in which he was misled or harmed." *Id.* Padgett points to no affirmative evidence in the record demonstrating that he was unaware of the State's first enhancement notices— which were filed almost one year before the entry of his guilty pleas and contain proof of service upon his trial counsel— or that he believed his trial counsel had convinced the State not to pursue the enhancements. We further disagree with Padgett's assertion that the State's decision to file a second enhancement notice conclusively proves that he did not have notice of the

enhanced punishment range at the time of his pleas, particularly where, as here, it appears that the second enhancement notice consolidates the enhancement notices from each case into one document and alleges the same three prior felony convictions. As to his second argument, "[t]he fact that a trial court incorrectly admonished a defendant about the range of punishment does not lead necessarily to the conclusion that the defendant was misled or harmed." *Grays*, 888 S.W.2d at 878. Padgett does not point to any record evidence to support a finding that the trial court's incorrect admonishment misled or harmed him. We conclude that Padgett has failed to meet his burden under Article 26.13(c) to affirmatively demonstrate that he was unaware of or misunderstood the range of punishment for the offense and was misled or harmed by the trial court's admonishments. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c).

DUE PROCESS

In the context of due process, a guilty plea is "voluntary" if it is the expression of the defendant's own free will and is not induced by threats, misrepresentations, or improper promises. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472, 25 L. Ed. 2d 747 (1970)). Although Article 26.13 is intended to facilitate the entry of adequately informed pleas, "a claim that the trial court erred in failing to admonish as required by Article 26.13 does not,

without more, make out a constitutional claim[.]" *Davison*, 405 S.W.3d at 691 n. 50.

The record reflects that Padgett signed a "Judicial Confession and Stipulation of Evidence" agreeing that he consulted with his attorney and "voluntarily, knowingly, and intelligently…with full understanding of the consequences" had "fully waived" his Federal and State constitutional privilege against self-incrimination. In his "Waiver of Rights and Admonishments," Padgett expressly waived his right to trial by jury and his right to confront and cross-examine witnesses, and stipulated that he was entering his plea freely and voluntarily. These documents, which were admitted into evidence at the plea hearing, also include stipulations that Padgett "completely read and understands all the written waivers, stipulations and motions filed in connection with this plea," and "has been told of the full range of punishment for this case." The trial court also verbally confirmed at the plea hearing that Padgett understood the rights he was waiving by entering a guilty plea and that his waiver of those rights was knowing, intelligent, and voluntary. Padgett did not express any surprise or confusion at the punishment hearing when the trial court read the enhancement allegations in the State's notice and he pled "true" to each prior final felony conviction. When questioned by his own counsel during the punishment hearing, Padgett testified that he understood the punishment range to carry a minimum of fifteen years in

prison. Though he hoped for deferred adjudication community supervision, Padgett testified that he was aware that he would face a minimum of fifteen years in prison should he violate any terms of community supervision. On the record before us, we conclude that Padgett's guilty pleas were adequately informed and that his due process rights were not violated as a result of the trial court's incorrect punishment range admonishment at his plea hearing.

Accordingly, we overrule Padgett's sole issue in each appeal.

## Conclusion

Having overruled Padgett's sole issue in each appeal, we affirm the judgments of the trial court in each cause.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  March 13, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed, Motion granted
Do not publish
[CRPM]

